341 So.2d 212 (1976)
Cyndie E. SPRINGER, Petitioner,
v.
Robert C. GREER, III, D.O., et al., Respondents.
Catherine Ann HALLMAN, Petitioner,
v.
Robert C. GREER, III, D.O., and Nancy H. Greer, Respondents.
Nos. 76-709, 76-723.
District Court of Appeal of Florida, Fourth District.
December 17, 1976.
Rehearing Denied February 2, 1977.
Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto & Dean, West Palm Beach, for petitioner Springer in No. 76-709.
L. Martin Flanagan, of Jones, Paine & Foster, West Palm Beach, for petitioner Hallman in No. 76-723.
*213 Richard M. Gale and Stephens, Thornton & Schwartz, Miami, for respondents.
PER CURIAM.
This is a petition for writ of certiorari seeking review of rulings on the plaintiff-petitioners' attempts at obtaining discovery.
Petitioners sued respondents in two counts, one of which alleged a conspiracy to addict numerous of respondents' patients so that respondents might become known as a ready source of drugs among drug users. In aid of discovery petitioner Springer filed a motion for leave to inspect the records of various pharmacists, in order to determine the prescriptions respondent Robert Greer had written from 1970 to 1975 for eight listed drugs. Petitioner Hallman filed subpoenas duces tecum to five pharmacists directing them to appear for depositions and to bring with them records of all prescriptions for eight listed drugs Robert Greer had written during the period 1971-1975. Interrogatories were also filed asking respondents for the names and addresses of all persons for whom eight listed drugs had been prescribed.
Initially, the trial court denied respondents' motions for a protective order as to the depositions and denied their objections to the interrogatories. However, on Extraordinary Motion for Rehearing, the court revoked the prior order, granted a protective order as to the pharmacists' records, and sustained the respondents' objections to the interrogatories referred to above. We think that the orders entered pursuant to the Extraordinary Motion were erroneous and that appeals from adverse final judgments would not afford the petitioners adequate relief. 10 Fla.Jur., Discovery and Depositions, § 112, p. 491.
The authority upon which the trial court based its order denying petitioners the right to proceed with discovery, Roe v. Ingraham, 403 F. Supp. 931 (S.D.N.Y. 1975), supports petitioners' position rather than respondents'. That case involved the validity of a New York statute requiring all pharmacists and physicians who dispense certain drugs to send copies of prescription forms[1] for those drugs to a state bureau for recording. The three judge court held that the statute in question was constitutionally offensive insofar as it required reporting of the patient's name and address to the centralized bureau,[2] thereby violating each patient's right to privacy. However, the decision left intact as justifiable the statute's requirements relative to the identification of the dispensing physician and pharmacists, noting that:
"The state prescription form program provides for issuing serially numbered prescription forms to physicians. Each doctor prescribing and each pharmacist dispensing any Schedule II drugs are given a DEA number. They, therefore, are readily identifiable. The state can promptly determine the quantity of drugs prescribed and dispensed by particular physicians and pharmacists. Over-prescribing or dispensing, forgeries and thefts can be detected." (Emphasis added.) 403 F. Supp. at 937.
We conclude that Roe v. Ingraham, supra, is authority for permitting the discovery of the number of prescriptions which Robert Greer filled out for the eight narcotics specified in petitioners' requests for discovery, *214 if adequate safeguards for the privacy of other patients are provided. Florida's discovery rules grant the trial judge authority to control the manner and means of discovery in all of its aspects so as to protect against harassment, undue invasion of one's right to privacy, and other offensive results. This authority should be adequate to enable the trial court to protect against any undue invasion of the privacy of respondents' other patients.
Accordingly, we grant certiorari and quash the orders appealed from. We hereby remand the causes with instructions that the court: allow discovery along the lines proposed by the petitioners; designate adequate safeguards for the privacy of other patients; and place a reasonable limit upon the time periods which may be inquired into.
CERTIORARI GRANTED, with instructions.
DOWNEY and ALDERMAN, JJ., concur.
CROSS, J., dissents.
NOTES
[1] "The prescription form contains the name, address, telephone number and DEA (Drug Enforcement Administration) number of the prescribing physician, the date the prescription was issued, the name, age and address of the patient, the name and amount of the drug prescribed, maximum daily dosage, the signature of the physician, the prescription number issued by the pharmacy, the date the prescription was filled, the NDC (National Drug Code) number of the drug, the DEA number of the pharmacy, and the signature of the dispenser." 403 F. Supp. at 933.
[2] The court placed heavy stress on the centralization of patient's records.

"A name on a prescription in the files of one of many thousands of pharmacists in the state of New York is entirely different from one's name on a form in Albany which is transferred to computerized records and stored for instant retrieval." 403 F. Supp. at 938.