358 So.2d 232 (1978)
ARGONAUT INSURANCE COMPANY, a Foreign Corporation, and B.G. Gross, M.D., Petitioners,
v.
Abigail PERALTA and Pedro Peralta, Respondents.
No. 78-7.
District Court of Appeal of Florida, Third District.
May 2, 1978.
Rehearing Denied May 24, 1978.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman and William S. Reese, Miami, for petitioners.
Sullivan, Cochran, Ranaghan, Bailey & Gleason and Philip M. Warren, Pompano Beach, for respondents.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
By this petition for writ of certiorari, the petitioners seek review of an order of the trial court directing them to produce certain medical records of the petitioner, B.G. Gross.
The respondent, Abigail Peralta, employed Dr. Gross to perform certain cosmetic surgery. The procedure was unsuccessful and the respondents institute the instant action seeking damages for medical malpractice. In the course of discovery, the respondent propounded to Dr. Gross an extensive notice to produce, containing among other things the following:
"2. Any and all business records of Defendant, B.G. Gross, M.D. including cancelled checks, check ledgers, receipt ledgers, disbursement ledgers, and any and all *233 other business records which relate to the injection of silicone in patients for the period of 1966 to present.
"23. Any and all photographs in the possession of the Defendant, B.G. Gross, M.D. or his attorneys relating to the injection of liquid silicone.
"28. Any and all medical reports, written memoranda, consent forms, relating to silicone injections in Defendant, B.G. Gross' patients from 1966 to present."
The petitioners objected thereto, alleging the materials were irrelevant, the request was burdensome, and it constituted a violation of the doctor-patient privilege between Dr. Gross and persons not involved in the suit. The trial court denied the objections but ordered that the patients' names and addresses be deleted from the records and that their faces on the photographs be blanked out.
On review, the petitioners contend it was error to order production of medical records and photographs of persons not a party to the action. We agree.
While liberal construction is to be given to rules of discovery, the request must still seek relative matters and must not be so excessive so as to be unduly burdensome to the party ordered to produce. Riddle Airlines, Inc. v. Mann, 123 So.2d 685 (Fla.3d DCA 1960); International Business Machines Corporation v. Elder, 187 So.2d 82 (Fla.3d DCA 1966); Jones v. Seaboard Coast Line Railroad Company, 297 So.2d 861 (Fla.2d DCA 1974); 10 Fla.Jur., Discovery and Depositions, § 13. Certainly, requiring the petitioner to produce his records for a period of about eleven years would be so excessive and burdensome as to require entry of a protective order. Furthermore, at this stage of the proceedings in the trial court there has been no showing of relevancy to the cause of the documents sought to be produced and they too should have been entitled to a protective order on that ground. Hoogland v. Dollar Land Corporation, Ltd., 330 So.2d 509 (Fla. 4th DCA 1976).
Lastly, we are confronted with the question of doctor/patient privilege as to persons not a party to the suit. Surely when one brings a medical malpractice suit, such as the instant case, one's medical history becomes the subject matter of the suit and he would waive any claim to privilege he might have under the law, if any. However, to permit a party to inject into the public record medical information of a stranger to the suit, under the guise that it has a bearing on the competency of the doctor, would be unconscionable. The question in medical malpractice is whether or not the doctor, in treating the plaintiff, used a standard of care commensurate with that used in the community and that question can be answered by utilizing other methods of proof than the invasion into medical records of strangers. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Talcott v. Holl, 224 So.2d 420 (Fla.3d DCA 1969).
We have not overlooked West Volusia Hospital Authority v. Williams, 308 So.2d 634 (Fla.1st DCA 1975) and Springer v. Greer, 341 So.2d 212 (Fla. 4th DCA 1976), relied upon by the respondent. However, we find they are not applicable. Neither of these cases seek specific medial information about persons not a party to the case, but rather they merely seek information about the occurrence of a specific incident which could be provided without going into the medical history of the persons involved.
Therefore, certiorari is granted and the order reviewed is hereby quashed, and this cause is remanded for further proceedings not inconsistent herewith.