367 So.2d 276 (1979)
AMERICAN HEALTH PLAN, INC., Petitioner,
v.
Tully KOSTNER, Respondent.
No. 78-1679.
District Court of Appeal of Florida, Third District.
February 13, 1979.
Arky, Freed, Stearns, Watson & Greer and Richard M. Dunn, Miami, for petitioner.
Abrams, Anton, Robbins, Resnick, Schneider & Mager and Gerald Mager, Hollywood, for respondent.
Before HENDRY and KEHOE, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
PER CURIAM.
This is a petition for writ of common law certiorari seeking review of an order of the trial court directing petitioner/defendant to answer certain interrogatories by furnishing respondent/plaintiff the names of the subscribers to petitioner's health plan whose contracts for health services were terminated by petitioner for misrepresentation or *277 omissions of medical information made in their applications from the tenth day of August, 1976 through the date on which the answers are made.
The information was sought in connection with plaintiff's suit against defendant for breach of its agreement to render and pay for all hospital and physicians' services of plaintiff Gertrude Kostner. Plaintiff alleged negligence, intentional infliction of emotional distress, breach of contract, conspiracy and fraud. Compensatory and punitive damages were claimed.
Petitioner objected to each of the interrogatories on numerous grounds, among them being that the interrogatories are offensive in that disclosure of the information sought would unduly infringe upon privacy rights of persons unconnected to this cause; that the interrogatories seek discovery of matters which are neither relevant to the issues in the subject cause nor reasonably calculated to produce evidence admissible in this cause; and that these interrogatories are excessively burdensome and oppressive because they require defendant to expend great amounts of time and expense to review more than three thousand files in search of the requested information. We hold that there was merit in the objections and that the order appealed constitutes an abuse of discretion by the trial court and departs from the essential requirements of the law. Argonaut Insurance Company v. Peralta, 358 So.2d 232 (Fla.3d DCA 1978).
Therefore, certiorari is granted and the order reviewed is hereby quashed and the cause is remanded for further proceedings not inconsistent herewith.