375 So.2d 59 (1979)
FIDELITY AND CASUALTY COMPANY OF NEW YORK, a Foreign Corporation Authorized to Do Business in Florida, Petitioner,
v.
Jimmy LOPEZ, Respondent.
No. 79-504.
District Court of Appeal of Florida, Fourth District.
September 26, 1979.
George P. Roberts, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for petitioner.
Lewis M. Ress of Ress, Gomez, Rosenberg & Howland, P.A., North Miami, for respondent.
LETTS, Judge.
An injured party filed suit seeking reinstatement of No Fault benefits under his insurance policy, claiming the benefits were wrongfully terminated after examination by the Insurance Company's doctor. His complaint, inter alia, purports to state a cause of action against the Insurance Company for having employed this same doctor on numerous occasions to wrongfully deny benefits to other insureds similarly situated. Pursuant to this allegation, the court ordered the Insurance Company to produce all the doctor's reports pertaining to the examination of any patients, referred to him by the Company over the preceding two years. From this ruling the Insurance Company seeks relief by way of a petition for a writ of certiorari which we now grant.
We agree with the Third District that it is error to "... permit a party to inject into the public record, medical information of a stranger to the suit" Argonaut Insurance Company v. Peralta, 358 So.2d 232, 233 (Fla.3d DCA 1978), cert. denied, 364 So.2d 889 (Fla. 1978). On the other hand we note that Argonaut might also be suggesting a Doctor/Patient privilege. So far as we are aware no such privilege exists in Florida. See 1979 Special Pamphlet, Evidence Code, Florida Statutes Annotated § 90.503, Sponsors Note.
Accordingly the order of January 22, 1979 and the subsequent amended order of February 1, 1979 are both hereby quashed.
CERTIORARI GRANTED AND CAUSE REMANDED IN ACCORDANCE HEREWITH.
DOWNEY, C.J., and MOORE, J., concur.