**BLANCHE WILLIAMS and MARIAN EVANS, Plaintiffs**

**v.**

**CARLYLE WILLIAMS and ESTHER NUGENT, Defendants**

Civil No. 330/1982

Territorial Court of the Virgin Islands
Div. of St. Thomas and St. John

March 17, 1983

CLARICE A. BRYAN, ESQ., St. Thomas, V.I., *for plaintiffs*

HENRY V. CARR, III, St. Thomas, V.I. *for defendant Williams*

ALEXANDER A. FARRELLY, ESQ., St. Thomas, V.I., *for defendant Nugent*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

Defendant, Carlyle Williams, moves for an order compelling discovery of medical records of the plaintiff, Blanche Williams, which the plaintiff opposes on the grounds of the physician-patient privilege. The motion will be denied.

### RELEVANCE

■■ Before addressing the applicability of the physician-patient privilege, the court must confront the threshold issue of whether the discovery sought is relevant. Parties may obtain discovery regarding "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). The fact that the information sought would not be admissible at trial is not a recognized basis of objecting. It matters only that "the information sought appears reasonably calculated to lead to the discovery of admissible evidence." If it does so appear and it is not privileged, the information then sought is properly discoverable. Id.

■ In this action for debt and declaratory judgment, the defendant, Carlyle Williams, has counterclaimed asking the court to declare void the power of attorney that the plaintiff, Blanche Williams, gave to the plaintiff, Marian Evans. The defendant and step-son, Mr. Williams, contends Ms. Williams lacked the required mental capacity at the time she executed the instrument. The co-defendant, Esther Nugent, in her answer also contends that Ms. Williams is "non compos mentis". Ms. Williams' mental capacity has been placed directly in issue, and her medical records, therefore, clearly are relevant.

## PHYSICIAN–PATIENT PRIVILEGE

Whether the information is privileged, though, presents a more difficult and different question. The defendant, Carlyle Williams, concedes that 5 V.I.C. § 855, which codifies the physician-patient privilege, is applicable here,[1] but he argues that one of its exceptions applies so that the privilege should be deemed waived. In pertinent part, 5 V.I.C. § 855 provides:

(3) There is no privilege under this section as to any relevant communication between the patient and his physician (a) upon an issue of the patient's condition in an action to commit him or otherwise place him under the control of another or others because of alleged mental incompetence, or in an action in which the patient seeks to establish his competence . . . .

(4) There is no privilege under this section in an action in which the condition of the patient is an element or factor of the claim or defense of the patient or of any party claiming through or under the patient or claiming as a beneficiary of the patient through a contract to which the patient is or was a party.

Clearly, subsection (3) has no application to this action. This is neither an action to commit or otherwise place Blanche Williams under the control of another because of any alleged mental incompetence, nor is it an action in which a patient seeks to establish competence. Subsection (4) of 5 V.I.C. § 855 also is inapplicable to this action so as to constitute a waiver of the privilege. Her competence is neither an element nor a factor of *her* claim, and with respect to the defendant Williams' counterclaim, it is not an element or factor

---

[1] In civil actions with respect to an element of a claim or defense as to which Virgin Islands law supplies the rule of decision, the privilege of a witness or person shall be determined in accordance with Virgin Islands law. Fed. R. Evid. 501, 5 V.I.C. App. IV, R. 7.

of any defense of hers. Finally, plaintiff's competence is not an element or factor of a defense of any party claiming through the plaintiff or claiming as a beneficiary of the plaintiff through a contract to which the patient was a party. Hence, neither exception applies here.

 Carlyle Williams, however, argues that the plaintiff, Marian Evans, has placed the competence of Blanche Williams in issue by claiming to possess rights pursuant to the power of attorney executed by Blanche Williams, and by asking to be appointed to handle the personal affairs of Ms. Williams. From that premise, defendant Williams makes an incorrect leap of logic when he contends that in order for Marian Evans to succeed, she must prove that the power of attorney was executed by a person with the requisite mental capacity and that she is presently unable to manage her own affairs. The court disagrees. By claiming certain rights pursuant to a power of attorney the plaintiffs did not place the competence of Ms. Williams in issue.[2] The law presumes an individual is competent to execute a power of attorney, and the defendants, by claiming that Ms. Williams lacked the capacity to execute the power of attorney, cannot shift to the plaintiffs the burden of proving that she possessed the requisite capacity. Simmons First National Bank v. Luzader, 246 Ark. 302, 438 S.W.2d 25 (1969); In Re MacCrellish, 167 Cal. 711, 141 P. 257 (1914); 41 Am.Jur.2d Incompetent Persons, § 129 (1982). To the contrary, the burden of proving that Ms. Williams did not possess the requisite mental competence when she executed the power of attorney rests with the defendants. The defendants have raised the issue of the plaintiff's competence, and plaintiff's denial of these allegations does not mean that she has put her competence in issue so as to result in a waiver of the physician-patient privilege.[3]

---

[2] See Branch v. Wilkinson, 198 Neb. 649, 256 N.W.2d 307 (1977) (the purpose of the patient-litigant exception to the physician-patient privilege is to prevent a patient from placing his condition in issue and then invoking the privilege to prevent an opposing party from ascertaining his true condition; but that exception should not be invoked where the patient merely denied allegations made by the opposing party concerning her condition); Mohammad v. Mohammad, 358 So.2d 610 (Fla. Dist. Ct. App. 1978) (where parties contested custody of their children, the wife did not waive her psychiatrist-patient privilege of confidentiality merely by denying husband's allegations, which introduced wife's mental condition as an element of his claim). Cf. Argonaut Insurance Co. v. Peralta, 358 So.2d 232 (Fla. Dist. Ct. App. 1978) (where a party sues for medical malpractice, his medical history becomes the subject matter of the suit and any claim of privilege under the law is waived).

[3] Mr. Williams' reliance on Graves v. Nisbett, Civ. No. 78-152 (D.V.I., Div. St. T. & St. J., Feb. 15, 1978), and Haffenden v. Blackwood, Civ. No. 78-231 (D.V.I., Div. St. T.

■■ Mr. Williams also is incorrect in asserting that Ms. Williams' request for the appointment of someone to handle her personal affairs constitutes a waiver of that privilege. Although the complaint prays for the appointment of a guardian ad litem, nothing in the complaint or in any of the plaintiffs' pleadings raises the issue of her own competence.[4] The fact that she alleges that she is no longer capable of looking after her own affairs to such an extent that she seeks the appointment of a guardian must be distinguished from the issue of mental competence. While Ms. Williams may be in need of a guardian to manage her personal affairs, that does not mean that she was not competent so as to be able to execute a valid power of attorney. The test for determining one's ability to manage his or her own affairs is substantially different from that used to determine mental competence. See Luzader, 438 S.W.2d at 29–30.

The physician-patient privilege, therefore, prohibits the disclosure of Ms. Williams' medical records. This will not, however, deny to the defendants an opportunity to attempt to establish their claim that Ms. Williams lacked capacity to execute the power of attorney. They, of course, are free to question her and any others who may have information that may shed light on her mental condition. They merely will be denied the use of any information that falls within the physician-patient privilege of Ms. Williams.

---

& St. J., Jan. 14, 1979), also is misplaced. In both cases the plaintiffs sued for damages in tort growing out of alleged physical injury, which clearly put their physical condition in issue.

[4] Although the plaintiffs request the appointment of a guardian ad litem, the court views this as a request for the appointment of a guardian to manage and handle her personal needs and not for the appointment of a special guardian to prosecute this action for Ms. Williams or to defend her in some other suit. First, Ms. Williams is represented by counsel in this action. More importantly, though, she alleges in her complaint that she is "eighty years old and in need of constant physical and medical care and cannot comfortably provide for her needs . . . ." Thus, it appears that she seeks the appointment of a general guardian, who would have the general care and control of the person of Ms. Williams and her estate, as opposed to a special guardian with limited power and duties such as a guardian ad litem.