434 So.2d 1030 (1983)
John R. LEIKENSOHN, M.D. and Howard A. Seider, Jr., M.D., Petitioners,
v.
Angelina CORNWELL and Christopher C. Cornwell, Her Husband, Respondents.
No. 83-744.
District Court of Appeal of Florida, Second District.
July 22, 1983.
Paula M. Walsh of Woodworth, Carlson, Meissner & Webb, St. Petersburg, for petitioners.
Joel S. Cronin of Cone, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for respondents.
HOBSON, Acting Chief Judge.
John Leikensohn and Howard Seider, Jr., defendants below, petition this court for a writ of certiorari to review an order of the trial court compelling discovery regarding interrogatories numbered 80 and 85 propounded by Angelina and Christopher Cornwell, plaintiffs below. We grant the petition, reverse and remand.
The Cornwells sued medical doctors Leikensohn and Seider alleging medical malpractice. They claimed that the doctors negligently performed reconstructive vaginal surgery on Mrs. Cornwell; that the surgeons lacked the experience necessary to properly perform this type of operation; that the surgery itself was unusual in that it had never been performed on anyone to correct a condition similar to hers; that during the surgery, or immediately thereafter, Mrs. Cornwell suffered an ulnar nerve palsy; that the physicians performed further surgery on the affected area; and that the surgeons incompetently performed this second operation.
The Cornwells thereafter propounded numerous interrogatories upon the doctors. The questions numbered 79, 80, 84 and 85, together with each answer, read as follows:
Interrogatory No. 79: Prior to the operation performed on the plaintiff, how many Gracilis flap muscle operations had you personally performed (in which you were the operating surgeon)?
Answer, Seider: Several.
Answer, Leikensohn: Ten.
Interrogatory No. 80: If any were answered in the preceding interrogatory, after careful attention to patient confidentiality, for each such patient upon whom a Gracilis muscle flap operation was performed by you, please indicate her initials, the date of the surgery, and the hospital in which it was performed.

*1031 Answer, Seider: Objected to on basis of unreasonable harassment; violative of the confidences of third parties; not calculated to develop admissible information; not material to issues.
Answer, Leikensohn: Objected to on basis of unreasonable harassment; violative of the confidences of third parties; not calculated to develop admissible information; not material to issues.
Interrogatory No. 84: Prior to the operation of the Plaintiff, how many ulnar nerve translocation procedures had you personally performed?
Answer, Seider: Several, exact number unknown.
Answer, Leikensohn: Exact number unknown  several.
Interrogatory No. 85: If any were answered in the preceding interrogatory, after careful attention to patient confidentiality, for each such patient upon whom an ulnar nerve translocation procedure was performed by you, please indicate his or her initials, the date of the surgery, and the hospital in which it was performed.
Answer, Seider: Objected to (See No. 80).
Answer, Leikensohn: Objected to (See No. 80).
On March 11, 1982, the trial court overruled the surgeons' objections and ordered them to answer the interrogatories numbered 80 and 85, but limited the use of the information to a verification of the number of surgeries performed as answered in the interrogatories numbered 79 and 84.
In Argonaut Insurance Co. v. Peralta, 358 So.2d 232, 233 (Fla. 3d DCA), cert. denied, 364 So.2d 889 (Fla. 1978), our sister court held as follows:
[T]o permit a party to inject into the public record medical information of a stranger to the suit, under the guise that it has a bearing on the competency of the doctor, would be unconscionable.
Likewise, in Teperson v. Donato, 371 So.2d 703, 704 (Fla. 3d DCA 1979), the same court, citing language in Argonaut, stated as follows:
The question in medical malpractice is whether or not the doctor, in treating the plaintiff, used a standard of care commensurate with that used in the community and that question can be answered by utilizing other methods of proof than the invasion into medical records of strangers.
See also Fidelity & Casualty Co. v. Lopez, 375 So.2d 59 (Fla. 4th DCA 1979); American Health Plan, Inc. v. Kostner, 367 So.2d 276 (Fla. 3d DCA 1979).
Accordingly, we grant the petition for writ of certiorari, quash the trial court's order denying petitioners' motion for protective order as to the interrogatories numbered 80 and 85, and remand for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
BOARDMAN and DANAHY, JJ., concur.