**In re David Stuart FINK, M.D., David Stuart Fink, M.D., P.A., Petitioners.**

**No. 89–5454.**

United States Court of Appeals,
Eleventh Circuit.

May 30, 1989.

James C. Blecke, Miami, Fla., for petitioners.

Before JOHNSON, ANDERSON and CLARK, Circuit Judges.

BY THE COURT:

By this petition for a writ of mandamus, *see* 28 U.S.C. § 1651, the petitioners seek review of an order of the district court compelling production in this diversity medical malpractice suit. The discovery sought the names and addresses of those patients of the defendant-petitioner, Dr. David Fink, who had undergone a specified surgical procedure during the twelve months prior to the plaintiff-respondent's surgery.

Mandamus is not a substitute for appeal; it is available only in exceptional cases, where there is a "clear abuse of discretion or 'usurpation of judicial power.'" *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953); *In re Burlington Northern, Inc.*, 822 F.2d 518, 522 (5th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 701, 98 L.Ed.2d 652 (1987). Mandamus is often an appropriate method of review of orders compelling discovery. *See, e.g., Suarez–Valdez v. Shearson Lehman/American Express, Inc.*, 858 F.2d 648 (11th Cir.1988). In the context of discovery orders which will compromise a claim of privilege or invasion of privacy rights, mandamus has been found appropriate due to the importance of the privilege, the seriousness of the injury if discovery is obtained, and the difficulty of obtaining effective review once the privileged information has been made public. *In re Burlington Northern, Inc.*, 822 F.2d at 522; *see, e.g., In re Reyes*, 814 F.2d 168, 170–71 (5th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 2901, 101 L.Ed.2d 934 (1988) (discovery of alienage status). Therefore, if there has been a clear abuse of discretion in allowing discovery, mandamus is an appropriate remedy.

In a diversity action, state law governs the privileged nature of materials sought in discovery. *Somer v. Johnson,* 704 F.2d 1473, 1478 (11th Cir.1983). In this diversity medical malpractice suit, we look to Florida law. The Florida courts have consistently refused to permit discovery of the medical records of nonparties to an action. *See, e.g., Leikensohn v. Cornwell,* 434 So.2d 1030 (Fla. 2d DCA 1983); *Fidelity & Cas. Co. of N.Y. v. Lopez,* 375 So.2d 59 (Fla. 4th DCA 1979); *Argonaut Ins. Co. v. Peralta,* 358 So.2d 232 (Fla. 3d DCA 1978), *cert. denied,* 364 So.2d 889 (Fla. 1978). The production of this type of information is disfavored due to the expectation of privacy inherent in the doctor-patient and other confidential relationships. *See generally Argonaut Ins. Co.,* 358 So.2d at 233. This prohibition on discovery extends to cases where discovery was sought only of the names and addresses of the nonparty patients. *North Miami Gen. Hospital v. Royal Palm Beach Colony,* 397 So.2d 1033 (Fla. 3d DCA 1981); *American Health Plan, Inc. v. Kostner,* 367 So.2d 276 (Fla. 3d DCA 1979).

It is clear that a Florida court would not have allowed production in this case. Not only does the refusal of the courts to sanction the discovery of medical records of nonparties extend to the nonparties' names and addresses, but in this case we believe that production of the names and addresses would implicate the same concerns as release of medical records. Because the scope of the discovery is those patients who underwent the same surgical procedure as the plaintiff, the disclosure of the names links the identity of the patient with the type of medical care. Also, as the plaintiff concedes in his response to the petition, the names and addresses will be used to determine what, if any, consent the petitioner obtained before commencing these other patients' treatment. The use of this information will therefore necessarily involve an inquiry into the medical care of the other patients, an inquiry prohibited by Florida law. *Cf. Argonaut Ins. Co.,* 358 So.2d at 233 (distinguishing *Springer v. Greer,* 341 So.2d 212 (Fla. 4th DCA 1976), on the ground that the information at issue could be provided without an inquiry into the medical history of the patient).

The plaintiff argues that there is a distinction between discovery of medical records and discovery solely of names and addresses, and relies upon *North Broward Hospital District v. Lucas,* 448 So.2d 622 (Fla. 4th DCA 1984), for this proposition. The argument is not convincing. As discussed above, under the circumstances of this case, the discovery of the names would have a similar effect as discovery of items of a medical record. Moreover, *North Broward* is inapposite. In *North Broward,* the plaintiff requested discovery of the records of every individual in the labor and delivery rooms of the hospital, and the names and records of each person who underwent a caesarian section, during the relevant period. Following *Argonaut,* the court prohibited the production of the information. However, the court noted that the plaintiff could obtain the names and addresses of the other patients who were present. The distinction between *North Broward* and this case is that the information in *North Broward* expressly related to discovering witnesses to the incident, for use in establishing its circumstances, not for obtaining any medical information. *See North Broward Hospital District,* 448 So.2d at 623. The former is discoverable; the latter is not.

The district court therefore erred in granting the motion to compel discovery. The information sought is not discoverable under Florida law. The petition for writ of mandamus is

GRANTED.