Dan A. MORGENSTERN, M.D., Plaintiff,

v.

Charles S. WILSON, M.D., et al., Defendants.

No. CV90–L–34.

United States District Court, D. Nebraska.

July 25, 1990.

Rembolt Ludtke Parker & Berger, Daniel E. Klaus, Peter T. Hoffman, Lincoln, Neb., for plaintiff.

Cline, Williams, Wright, Johnson & Old-father, Fredric H. Kauffman, Lincoln, Neb., for defendants.

Wood, Lucksinger & Epstein, Herbert T. Schwartz, Houston, Tex., and William H. Lewis, Lincoln, Neb., movant, for Bryan Memorial Hosp.

Dwyer, Pohren, Wood, Heavey & Grimm, Edward F. Pohren, Omaha, Neb., for Bishop Clarkson Memorial Hosp.

## MEMORANDUM AND ORDER

DAVID L. PIESTER, United States Magistrate.

Bryan Memorial Hospital, a non-party deponent in this case, has filed a motion seeking a protective order to block the production of certain documents requested in connection with a subpoena issued to it for a deposition to be held pursuant to Rule 30(b)(6), *Fed.R.Civ.P.* Upon consideration of the materials and authorities provided by the parties and the deponent, I conclude that the motion should be granted in part and denied in part, as discussed below.

This action was brought by a surgeon specializing in cardiovascular and thoracic surgery against other doctors specializing in such surgery, cardiologists, and professional corporations, alleging various antitrust claims arising from the defendants' alleged refusal to refer patients to the plaintiff for surgery, as well as other acts. Jurisdiction is premised upon 15 U.S.C. § 15, § 26, and 28 U.S.C. § 1337.

The plaintiff served upon the deponent a subpoena for a deposition pursuant to Rule 30(b)(6), *Fed.R.Civ.P.*, and attached to it a request for the production of a number of documents. The requests which are at issue in this motion are set forth in the margin.[1] Because the materials requested

---

1. All documents constituting the records of patients who have had cardiac surgery performed by any of the doctor defendants. All minutes or other documents referring or relating to or arising out of the following boards and committees of Bryan; Board of Trustees; Executive Committee; Planning Committee; Bylaws; Rules and Regulations Committee; Short Stay Services Committee; Cardiac, Respiratory and Gas-trointestinal Services Committee; Ethics Committee; Health Enhancement Services Committee; Pulmonary Services Medical Advisory Committee; Perfusion Procedure Committee; Vascular Laboratory Committee; Coronary and Intensive Care Committee; Code Charlie Committee; Credentials Committee; Emergency Services Committee; Hospital Practice and Patient Care Committee; Institutional Review Board; Infec-

include patients' records and minutes of so-called "peer review committees," the hospital seeks a protective order, relieving it of any duty to produce or allow the inspection of such documents, relying upon the "physician-patient" privilege, as embodied in Neb.Rev.Stat. § 27–504, and a "peer review committee" privilege as set forth in Neb.Rev.Stat. §§ 71–2046 and –2048.[2] In addition, the deponent claims that production of the documents would be burdensome and oppressive.

■ The production of medical records and peer review committees' files has been the subject of litigation in other courts. In *Hayden v. Bracy,* 744 F.2d 1338 (1984), the Eighth Circuit of Appeals held that a district court's denial of a motion to produce such records in a physician's antitrust case arising from a hospital's disciplinary action taken against the plaintiff, and other acts, was not an abuse of discretion on relevance grounds, even though the documents "may have had tangential relevance" to plaintiff's claim. *Id.* at 1342. The Court did not, however, discuss the privileges sought to be asserted in this case. In *Robinson v. Magovern,* 83 F.R.D. 79 (W.D.Pa.1979), the Court carefully weighed the interests behind the state statutory privileges being asserted there, similar to those asserted in this case, and concluded that limited disclosures were appropriate, within certain protective measures taken to protect confidentiality concerns. *Robinson* also involved an antitrust action for denial of hospital staff privileges to the plaintiff physician. An anesthesiologist brought a Sherman Act case against other physicians and a hospital for anticompetitive actions in *Wei*

*v. Bodner,* 127 F.R.D. 91 (D.N.J.1989). There, the Court also engaged in a balancing of interests to determine the applicability of claimed state privileges, concluding that the production of medical records was appropriate, with redaction of patient names and identifying material.

In other contexts, requests for such medical documentation have been met either with denial or severe restrictions. *In re Fink,* 876 F.2d 84 (11th Cir.1989), the plaintiff in a medical malpractice diversity case sought mandamus in the circuit court to review the district court's compelling production of names and addresses of the defendant's patients. Finding state law to govern the question, the Eleventh Circuit refused to distinguish between the names and addresses of patients and the information contained in their records. The court concluded that, under Florida law, the names and addresses were protected from discovery, and held that the district court had erred in granting the plaintiff's motion to compel. *See, also, Gillman v. United States,* 53 F.R.D. 316 (S.D.N.Y.1971) (in Federal Tort Claims Act case, plaintiff granted access to Board of Inquiry's records concerning statements of witnesses to plaintiff's decedent's suicide, but denied access to records concerning "future improvements of procedure" regarding hospital practices. *Id.* at 319); *Davidson v. Light,* 79 F.R.D. 137 (D.Colo.1978) (in medical malpractice case, plaintiff allowed access to "infection control report" pertaining to plaintiff's own treatment).

Plaintiff relies upon the reasoning of *Wei v. Bodner, supra,* and the deponent argues that that case should be distinguished upon

---

tion Control and Antibiotic Usage Committee; Surgery Committee; Surgery Committee; Quality Assessment Committee; Community Transfusion Committee; and Transplant Committee. All documents constituting the records of patients who have had percutaneous transluminal coronary angioplasty since July 1, 1989.

Neither the subpoena nor the attachment to it were filed with the clerk, as required by Local Rule 20. I shall, in this instance, cause those documents to be filed with this order; however, counsel are advised that in the future, the failure to comply with the rule may result in the summary denial of any motion to which these provisions apply.

**2.** The deponent has filed affidavits from the chair of each of the committees whose records are sought in this case. The affidavits all state that the purpose of the committee includes evaluating the quality of medical and health services and the competence of physicians. Although the plaintiff argues that the statutory privilege may apply only to two committees for a particular hospital, in keeping with Neb.Rev.Stat. § 71–2046, I am not persuaded that the statute is so restrictive as the plaintiff asserts. I therefore do not reject the deponent's claim of privilege on this basis.

the basis that the hospital in *Wei* was a party defendant, whereas Bryan Memorial Hospital is only a disinterested witness deponent in this case. I find no basis for that distinction. The interests at stake are the same whether the producing entity is a party to the action or not. I therefore reject the deponent's arguments in this respect.

Although the Eighth Circuit found only "tangential" relevance of patients' records in *Hayden, supra,* in this case the plaintiff has alleged that the defendant doctors have denied or delayed treating patients until someone other than the plaintiff was available to perform their surgery. This allegation makes relevant at least portions of the requested patient records. I do not agree with the plaintiff, however, that this allegation allows plaintiff to review the defendant doctors' procedures on all of their patients and former patients. The defendants have alleged in their answer that some actions were taken out of concern about the plaintiff's competence. Such an allegation does give rise to the need to compare plaintiff's practices with the appropriate professional standard of care; it does not, however, allow the plaintiff to engage in a general comparison as between his practices and those of the defendants. Although the practices of the defendants could become relevant for impeachment purposes with respect to particular, identified procedures, to the extent that plaintiff's competence is an issue, the focus must remain on his practices compared to the professional standard. Even if the defendant doctors also breached the professional standard in the same fashion that they criticize the plaintiff for having done, that fact would not establish that plaintiff met the professional standard. In addition, the evolution of medical technology may have caused certain procedures to be acceptable at one time, and no longer professionally adequate at a later time. To permit discovery inquiries on an unlimited basis into such matters would, in my view, open the door for abuse, particularly when the subject area—patients' records—is a sensitive one. I therefore conclude that any discovery of defendant doctors' patient records with regard to the issue of competency of care should be limited to specific inquiries regarding specified procedures claimed by the defendant doctors to represent incompetent or inadequate care on the part of the plaintiff. Even so, some patient record information is relevant to the other issues raised by the pleadings, and will be required to be produced.

■ Both *Wei, supra,* and *Robinson, supra,* set forth the requirement that the court balance the interests of the state statutory privileges asserted against the interests of the litigants in an antitrust case. I agree with the balancing results in those cases. Since this is a case not dependent upon state law for its resolution, despite the existence of pendent claims, federal rules of privilege apply, but the federal court should consider the interests sought to be protected by the state privileges asserted. *Wei,* at 94–96. Although there is no physician-patient privilege in the federal common law, nevertheless, the interest to be served in protecting the confidentiality of patients' records is worthy of serious consideration, in light of the public interest in protecting confidentiality of such records. In addition, the peer review committees' work in furthering the development and improvement of health care is worthy of serious consideration by this court. *Id.* at 96–101. Nevertheless, these privileges, when asserted, thwart the search for truth, and in cases such as this one, represent considerable obstacles to any plaintiff in seeking to prove his or her claims. I therefore agree with the courts in *Wei,* and *Robinson* that the federal interests in enforcing the antitrust laws outweigh the interests in protecting these privileges, to the extent that such interests cannot be accommodated by protective measures.[3]

In this case such measures are possible. First, the present requests will be limited to the time period commencing July 10,

---

**3.** This also applies to the "self evaluative" privilege, and the hospital's assertion of 42 U.S.C. § 11151(11), the Health Care Quality Improvement Act of 1986.

1989. In the event plaintiff seeks information predating July 10, 1989 regarding the competency issue discussed above, that information may be sought separately.

Second, the requests for patients' records (paragraphs 3 and 12 of the attachment to the subpoena) will be limited to require disclosure of only the following information: patients' city of residence; referring physician; examining cardiologist, with dates of such examinations; cardiologist referring patient for surgery, with dates of such referrals; surgeon to whom patient referred, with date of referral; and type of surgical procedure performed, with dates of services. Neither the patients' names, nor other matters contained within a particular patient medical file need be disclosed.

Third, the plaintiff's request for minutes and proceedings of the various hospital committees will be limited to those minutes and proceedings concerning plaintiff and/or his patients and their care. Although there may be relevant documentation in such committee minutes and proceedings concerning training, educational, or professional developmental opportunities, I conclude that the plaintiff's request for all minutes and proceedings is simply too broad to identify those matters. If plaintiff seeks specific information regarding such matters, he should ask for it specifically.

Fourth, the production of documents in accordance with this order shall be in keeping with the provisions of the protective order entered in this case on May 7, 1990, filing 10.

Fifth, although the deponent has argued that production of the documents requested would be overly burdensome and oppressive, no showing was made in that regard. However, it is obvious that to produce redacted patients' records will require staff time of the deponent. Such time should be compensated by the plaintiff, as well as attendant copying expenses.

IT THEREFORE HEREBY IS ORDERED, the deponent's motion for protective order, filing 13, is hereby granted in part and denied in part as discussed in the foregoing memorandum.