[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**September 22, 2003**
**THOMAS  K. KAHN**
**CLERK**

No. 03-10440

_____

D. C. Docket No. 01-01759 CV-S

IN RE:

FORD MOTOR COMPANY,

Petitioner.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 22, 2003)

Before EDMONDSON, Chief Judge, CARNES, Circuit Judge, and CARNES[*],
District Judge.

EDMONDSON, Chief Judge:

---

[*]Honorable Julie E. Carnes, United States District Judge for the Northern District of Georgia,
sitting by designation.

Appellant Ford Motor Company seeks a writ of mandamus or prohibition directing Chief Judge Clemon of the Northern District of Alabama to vacate a discovery order. The order required Ford to allow Plaintiff Elizabeth Russell access to Ford's Master Owner Relations Systems I, II, and III ("MORS") and Common Quality Indicator System ("CQIS") databases.

Russell filed suit against Ford. The suit alleges that the seatbelt buckle of Russell's Ford vehicle was defectively designed because the buckle "inertially unlatched" during an accident, causing her injury. After filing several document requests, Russell filed a motion to compel seeking direct access to Ford's MORS and CQIS databases to conduct searches for claims related to inertial unlatching of the RCF-67 seatbelt buckle. MORS records all customer contacts with Ford, and CQIS records contacts by dealers, personnel, and other sources.

In fewer than fourteen days of the filing of the motion to compel, the district court, without a hearing and <u>before</u> Ford had responded, granted Russell's motion to compel. Then, Ford filed a motion for reconsideration; and the parties submitted briefs and evidence. After a hearing, the district court ordered Ford to allow Russell direct access to the MORS and CQIS databases. Ford filed this petition for a writ of mandamus or prohibition.

Mandamus is an extraordinary remedy available only to correct a clear abuse of discretion or a usurpation of judicial power.  In re Lopez-Lukis, 113 F.3d 1187, 1187 (11th Cir. 1997); In re Fink, 876 F.2d 84, 84 (11th Cir. 1989).[1]  "In the context of discovery orders which will compromise a claim of privilege or invasion of privacy rights, mandamus has been found appropriate due to the importance of the privilege, the seriousness of the injury if discovery is obtained, and the difficulty of obtaining effective review once the privileged information has been made public."  In re Fink, 876 F.2d at 84.  We review a district court's discovery orders for a clear abuse of discretion.  Id.

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  Although the parties agree that the information that Russell seeks is discoverable, they disagree on the need for direct access to Ford's computer databases.

Under Rule 34(a), parties may request the other party to "produce and permit the party making the request . . . to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs,

---

[1]Chief Judge Clemon was invited to respond to the petition for mandamus.  No response was filed by Chief Judge Clemon.

3

phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form)." Fed. R. Civ. P. 34(a). But Rule 34(a) does not grant unrestricted, direct access to a respondent's database compilations. Instead, Rule 34(a) allows a requesting party to inspect and to copy the product -- whether it be a document, disk, or other device -- resulting from the respondent's translation of the data into a reasonably usable form.

The Advisory Committee Notes to Rule 34(a) support this interpretation. Commenting on data compilations, the Committee stated, "[W]hen the data can as a practical matter be made usable by the discovering party only through respondent's devices, respondent may be required to use his devices to translate the data into usable form. In many instances, this means that respondent will have to supply a print-out of computer data." Fed. R. Civ. P. 34(a) advisory committee's note (1970 amend.). Like the other discovery rules, Rule 34(a) allows the responding party to search his records to produce the required, relevant data. Rule 34(a) does not give the requesting party the right to conduct the actual search. While at times -- perhaps due to improper conduct on the part of the responding party -- the requesting party itself may need to check the data compilation, the district court must "protect respondent with respect to

4

preservation of his records, confidentiality of nondiscoverable matters, and costs."

Id.

In this case, Ford and Russell dispute whether Ford properly responded to Russell's earlier requests for production. Although Russell asserts that Ford has not been forthright in providing documents, Ford contends that it has produced all relevant information. The district court was in the best position to determine whether Ford had improperly dealt with the earlier discovery requests. But the district court made no findings -- express or implied -- that Ford had failed to comply properly with discovery requests.

The district court also did not discuss its view of Ford's objections and provided no substantive explanation for the court's ruling. Ford objected to the search on the grounds that (1) Russell had established no discovery abuses by Ford, (2) Ford had already searched the database and produced all relevant, non-privileged materials, and (3) the discovery rules did not allow the court to grant Russell free access to the databases regardless of relevance, privilege, or confidentiality. When a party objects to a motion for discovery, a court should rule on the objections and ordinarily give at least some statement of its reasons. "While [a court] has discretion to grant or deny the motion, it should not grant the motion in the face of well-developed, bona fide objections without a meaningful

5

explanation of its decision." <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1370 (11th Cir. 1997).

Furthermore, in its order, the district court granted Russell unlimited, direct access to Ford's databases. The district court established no protocols for the search. The court did not even designate search terms to restrict the search. Without constraints, the order grants Russell access to information that would not -- and should not -- otherwise be discoverable without Ford first having had an opportunity to object.

While some kind of direct access might be permissible in certain cases, this case has not been shown to be one of those cases. Russell is unentitled to this kind of discovery without -- at the outset -- a factual finding of some non-compliance with discovery rules by Ford. By granting the sweeping order in this case, especially without such a finding, the district court clearly abused its discretion.

Accordingly, the petition for a writ of mandamus is GRANTED. The pertinent discovery order of 12 December 2002 must be VACATED.

Petition is GRANTED.