[DO NOT  PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 23, 2005
THOMAS  K. KAHN
CLERK

No. 04-16329
Non-Argument Calendar

_____

D. C. Docket No. 04-60424-CV


DOMENICO MANNO,

                                             Plaintiff-Appellant,

                        versus

UNITED STATES OF AMERICA,

                                             Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 23, 2005)

Before BIRCH, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

        Plaintiff-Appellant Domenico Manno appeals the district court's denial of his

motions for relief from judgment under Federal Rule of Civil Procedure 60(b) and for

mandamus relief. Manno brought these motions to challenge the district court's order of forfeiture in his underlying criminal conviction and sentence. Because neither form of relief is appropriate, we affirm.

## I.    Facts

In 1998, Manno pleaded guilty to a number of charges related to his involvement in a drug trafficking enterprise. In his plea agreement, in which he waived his right to appeal, Manno specifically agreed to forfeit $250,000. His attorney at the time recommended the plea in the belief that Manno would be able to transfer to his native Canada and there receive a reduction in his sentence and in the forfeiture amount. The attorney later admitted that he did not know that Manno would have to pay the full forfeiture amount before he would be eligible for a transfer to Canada. Based on the plea agreement, the district court imposed a sentence of a total of 240 months imprisonment, provided for the $250,000 forfeiture, and waived any fine on the ground that Manno lacked the ability to pay. In 2003, Manno's new attorney discussed the possibility of a reduced forfeiture amount with the government. On consultation with the Drug Enforcement Agency ("DEA"), the government refused.

When Manno learned that his trial counsel had been mistaken about his ability to transfer to Canada without paying the forfeiture amount, Manno brought the

present action in the Southern District of Florida. In it, he sought relief from judgment under Federal Rule of Civil Procedure 60(b), mandamus relief under 28 U.S.C. § 1361, and a writ of habeas corpus.[1] The magistrate judge concluded that the six-year delay in filing the motion for relief under Rule 60(b) was unreasonable within the meaning of that rule, and that there was no authority requiring the government to mitigate the forfeiture award, which precluded mandamus relief. The district court adopted the magistrate judge's recommendation, erroneously referring to it as a motion to vacate under 28 U.S.C. § 2255. Manno then filed a timely appeal.

II.    Standard of Review

We review the denial of a Rule 60(b) motion for relief from judgment for abuse of discretion. Rice v. Ford Motor Co., 88 F.3d 914, 918-19 (11th Cir. 1996). Mandamus is an extraordinary remedy, granted only to correct a clear abuse of discretion or a usurpation of judicial power. In re Ford Motor Co., 345 F.3d 1315, 1316 (11th Cir. 2003).

III.    Analysis

Manno contends that the district court erred in failing to grant his motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

---

[1]The district court dismissed the habeas petition for lack of jurisdiction, because it was not filed in the district in which Manno was incarcerated. At all relevant times Manno has been incarcerated in New York. See 28 U.S.C. § 2241. Manno does not appeal the habeas ruling.

Although the district court denied the motion on the ground that Manno's six-year delay in filing it was unreasonable, we may affirm on any ground supported by the record, even if different from that employed by the district court. Higdon v. Jackson, 393 F.3d 1211, 1218 (11th Cir. 2004).

We have held that a criminal defendant cannot challenge a criminal forfeiture order under the Federal Rules of Civil Procedure. United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Federal Rule of Civil Procedure 60(b) is therefore inapplicable to Manno's sentence, and this claim fails as a matter of law.

Manno also contends that the district court erred in denying him mandamus relief. The federal mandamus statute provides that district courts have jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This court's predecessor held that mandamus "should be utilized only in the clearest and most compelling of cases," and is only appropriate when "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available." Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969).[2]

---

[2]In Bonner v. City of Prichard, 661 F.2d 1607, 1207 (11th Cir. 1981) (en banc), we held that all decisions of the Fifth Circuit issued before the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit.

Manno claims that he is entitled to mandamus relief because the government had a duty to settle with him on the forfeiture issue. He has provided no legal authority for this proposition. A United States Attorney has discretion to settle suits, including forfeiture proceedings. United States v. Walcott, 972 F.2d 323 (11th Cir. 1992) (addressing U.S. Attorney's authority to settle suits); United States v. Walters, 638 F.2d 947 (6th Cir. 1981) (extending settlement authority of U.S. Attorney to forfeiture proceedings). Manno, however, cannot show that the government had a clear duty to act, and is thus ineligible for mandamus relief.

The judgment of the district court is AFFIRMED.