HOBSON, Acting Chief Judge.
This action began when appellant filed suit alleging trespass to real property and seeking damages thereon. Appellees counterclaimed asking for declaratory relief concerning the right to possession of certain real property, an injunction against collecting appellees’ mail by appellant, an accounting of funds over an extended period of time, an injunction against using water and gas and for damages. Appellant filed a supplement to its original complaint which additionally asks for declaratory relief in connection with right to possession of the real property that was requested by appel-lees, an injunction precluding the use of the name “The Jamaica Royale” and for damages for violation of the latter right claimed by appellant.
*558 Subsequently and upon appellees’ motion, the trial court entered an order requiring appellant to produce certain documents, books, records and papers for inspection and copying, of which appellant now seeks review.
Prior to granting appellees' motion to produce, appellant argues, and we agree, that the trial court should have determined whether appellees had a right to an accounting. Charles Sales Corp. v. Rovenger, Fla.1956, 88 So.2d 551. It appears from the record on appeal that the trial court failed to determine such right; therefore, the discovery sought by appellees must be deferred until this preliminary issue is settled.
Proceeding to the substance of the motion itself, a mere conclusory statement alleging that:
“As grounds therefore, the Plaintiff shows unto the Court:
1. All of the above items requested constitute or contain evidence on the contested issues.
2. All of the above requested documents may reveal relevant and material evidence on the contested issues.”
does not satisfy the requirements of F.R.C.P. 1.350, 30 F.S.A. as to “good cause.” Grand Union Company v. Patrick, Fla.App.1971, 247 So.2d 474; accord, Seaboard Air Line R. Co. v. Timmons, Fla.1952, 61 So.2d 426. Also, appellees’ argument that reference to their counterclaim should be sufficient to disclose a need or cause for the documents sought to be produced is without merit. Grand Union Company v. Patrick, supra.
Accordingly, those documents which would establish appellees' right to an accounting may be made subject to discovery upon appellees’ motion showing “good cause” as discussed above. Cay Construction Co. v. Conlee Construction Company, Fla.App.1967, 200 So.2d 563. Through their use the court must then dispose of the first issue, that being appellees’ right to an accounting, before it can order appellant to produce those documents relating solely to the accounting itself.
The order is quashed and the cause is remanded for further proceedings not inconsistent with this opinion.
MANN and McNULTY, JJ., concur.