297 So.2d 84 (1974)
William DAVID, Individually and As a General Partner of Cannon Point Ltd., and Cannon Point Ltd., a Florida Limited Partnership, Appellants,
v.
Robert TANSILL, Appellee.
No. 74-215.
District Court of Appeal of Florida, Fourth District.
July 5, 1974.
*85 Barry J. Stone, Weck & Stone, Pompano Beach, for appellants.
William S. Cross, Graham, Hodge & Swan, Fort Lauderdale, for appellee.
CROSS, Judge.
Appellants-defendants, William David, individually and as a general partner of Cannon Point Ltd., and Cannon Point Ltd., by interlocutory appeal seek review of an order requiring them to produce certain documents, books and records for inspection and copying in an action brought by the appellee-plaintiff, Robert Tansill, for specific performance, constructive trust and an accounting.
The complaint alleges, inter alia, that the plaintiff, Robert Tansill, and defendant, William David, individually and as an agent for Cannon Point Ltd., entered into an oral agreement whereby the plaintiff would for specified consideration act as contractor for the improvement of certain real property known as "Cannon Point"; the plaintiff had performed all services required under the oral agreement; and the defendants had failed to adhere to the terms of the oral agreement.
The permanent relief sought in this action by the plaintiff is specific performance by the defendants of the oral agreement, creation of a constructive trust on various monies payable to the defendants for the ultimate purpose of compensating the plaintiff according to the oral agreement and an accounting of monies accruing to the defendants since the inception of the "Cannon Point" project.
Shortly after filing the complaint, the plaintiff requested defendant David to produce for inspection and copying the following materials:
(1) Any written agreement between William David and Kenneth L. and/or Jayne B. Sherman (the other partners in "Cannon Point Ltd.) regarding Cannon Point Ltd.
(2) The books of account on Cannon Point Ltd.
(3) Income tax records of Cannon Point Limited Partnership for the past three (3) years.
(4) All cancelled checks written on behalf of Cannon Point Ltd.
(5) Any and all checks written by William David individually to Robert Tansill for the last three (3) years.

*86 (6) Any and all correspondence between William David and Kenneth L. and/or Jayne B. Sherman for the past three (3) years.
Defendant David objected to the plaintiff's request to produce the items set forth in numbered paragraphs 2, 3, 4 and 6 on the grounds that the plaintiff was prematurely seeking discovery as to items of accounting before it was established that the plaintiff was entitled to an accounting. After a hearing on the matter, the trial court ordered defendant David to produce all materials that the plaintiff had requested. It is from this order that the defendants appeal.
The sole question presented for our determination in this interlocutory appeal is whether the trial court erred in granting the plaintiff's request that defendant David produce items set forth in numbered paragraphs 2, 3, 4 and 6 for inspection and copying.
The Florida Supreme Court in Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla. 1956), concluded that discovery as to an accounting must be deferred until the preliminary issue of the right to an accounting is settled. This case has been followed by Wood v. Brackett, 266 So.2d 398 (Fla.App. 1972); Stanton Investment Company v. Simon, 255 So.2d 557 (Fla. App. 1971); Boyd v. Walker, 251 So.2d 332 (Fla.App. 1971); A-1 Truck Rentals, Inc. v. Vilberg, 222 So.2d 442 (Fla.App. 1969); Armstrong v. Piatt, 201 So.2d 830 (Fla. App. 1967) and cases cited therein.
In the instant case, items set forth in numbered paragraphs 2, 3, 4 and 6 could only have relevance as to the amount of any sums that might be due the plaintiff in an accounting and not the issue of the plaintiff's right to an accounting. Therefore, the plaintiff is not entitled to discovery of these items until the issue of the right to an accounting has been determined favorably to the plaintiff. Accordingly, the court's order is reversed insofar as it requires defendant David to produce those items delineated in numbered paragraphs 2, 3, 4 and 6. The order is affirmed in all other respects.
Affirmed in part, and reversed in part.
MAGER, J., and ANDERSON, ALLEN C., Associate Judge, concur.