326 So.2d 243 (1976)
Robert A. GIAMMARESI, Appellant,
v.
Greer PARKER et al., Appellees.
Greer PARKER et al., Appellants,
v.
John HOMAN, III, et al., Appellees.
Nos. 75-217, 75-678.
District Court of Appeal of Florida, Fourth District.
February 6, 1976.
*244 James P. O'Flarity, Fort Lauderdale, for Giammaresi-Argus.
Christopher B. Knox, of Burdick and Donahoe, Fort Lauderdale, for Parker-Homan-Homark.
CROSS, Judge.
Plaintiffs, Greer Parker, Minnie Ann Homan and Homark Enterprises, instituted suit against defendants, John Homan III, Judy Homan Glecer, Robert A. Giammaresi, Sally Giammaresi and Argus Development Corporation, alleging, inter alia, in their second amended complaint that Greer Parker, Minnie Ann Homan, John Homan III, Judy Homan Glecer, and the Giammaresis orally agreed to enter into a joint venture for the purpose of purchasing and developing certain real property in Broward County, Florida; in accordance with the terms of the abovementioned agreement, Greer Parker, Minnie Ann Homan and John Homan III advanced sums of money through Homark Enterprises to the Giammaresis; the Giammaresis purchased and developed three parcels of property utilizing the monies advanced to them by Greer Parker, Minnie Ann Homan and John Homan III; the Giammaresis purchased the parcels of property and took title thereto in the name of Argus Development Corporation; contrary to the terms of the agreement, the Giammaresis refused to convey title to the parcels of property to Homark; contrary to the terms of the agreement, the Giammaresis sold one of the parcels of land and refused to account to the plaintiffs for the monies received from this sale.
The permanent relief sought in this action by the plaintiffs is money damages, imposition of trusts on the parcels of property yet titled in the name of Argus Development Corporation, and an accounting of monies and property accruing to the Giammaresis and to Argus as a result of the monies advanced to them by Greer Parker, Minnie Ann Homan and John Homan III.
Thereafter the Giammaresis and Argus moved to dismiss plaintiffs' second amended complaint. Robert A. Giammaresi moved for an order discharging lis pendens filed by the plaintiffs against the parcels of property yet titled in the name of Argus Development Corporation.
While the abovementioned motions were pending, plaintiffs noticed for deposition one Nelson B. Olmstead, the Vice President in charge of operations at the Barnett Bank of Fort Lauderdale, Florida. A subpoena duces tecum was also served upon Olmstead requiring him to produce financial records of Argus Development Corporation. Giammaresi and Argus then sought by motion a protective order restraining production of Argus' financial records on the grounds that plaintiffs were prematurely seeking discovery as to items of accounting before it was established that the plaintiffs were entitled to an accounting. Said motion was denied by order of the trial court. It is from this order that Giammaresi takes an interlocutory appeal, numbered 75-217.
Subsequently thereafter, the trial court entered an order dismissing plaintiffs' second amended complaint, granting, however, leave to file a third amended complaint, and discharged the lis pendens filed by the *245 plaintiffs. Plaintiffs take an interlocutory appeal from this order, numbered 75-678.
We have consolidated the interlocutory appeals for the purposes of disposition.
Turning now to consider whether the trial court erred in denying the motion for a protective order filed by the Giammaresis and Argus, we note in Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla. 1956), the Florida Supreme Court concluded that discovery as to an accounting must be deferred until the preliminary issue of the right to an accounting is settled. This case has been followed by David v. Tansill, 297 So.2d 84 (Fla.App. 1974); Wood v. Brackett, 266 So.2d 398 (Fla.App. 1972); Stanton Investment Company of Missouri v. Simon, 255 So.2d 557 (Fla.App. 1971); Boyd v. Walker, 251 So.2d 332 (Fla.App. 1971); A-1 Truck Rentals, Inc. v. Vilberg, 222 So.2d 442 (Fla.App. 1969); Armstrong v. Piatt, 201 So.2d 830 (Fla.App. 1967), and cases cited therein.
In the instant case, we conclude that the financial records of Argus Development Company could only have relevance as to the amount of any sums that might be due the plaintiffs in an accounting and not the issue of the plaintiffs' right to an accounting. Therefore, plaintiffs are not entitled to discovery of these records until the issue of the right to an accounting has been determined favorably to plaintiffs.
As to whether the trial court erred in dismissing plaintiffs' second amended complaint and discharging the lis pendens filed by plaintiffs, we determine those issues to be without merit. Leave was granted plaintiffs to file a third amended complaint and at oral argument we have been informed that plaintiffs have since filed a third amended complaint.
Accordingly, the trial court's order denying the motion for a protective order is reversed and the cause is remanded for further proceedings consistent with the views herein expressed in interlocutory appeal No. 75-217. The trial court's order dismissing plaintiffs' second amended complaint and discharging lis pendens filed by the plaintiffs is affirmed in interlocutory appeal No. 75-678.
WALDEN, C.J., and MAGER, J., concur.