PER CURIAM.
Appellant, Temple Ner Tamid, seeks review of a protective order and order granting appellee personal representative’s motion to vacate order to produce documents wherein the trial judge determined that the Temple was not an interested party and, therefore, not entitled to its requests for discovery.
Sarah Shaw died testate on February 21, 1975 and estate proceedings were commenced on March 17, at which time Marshall Ader was appointed personal representative. The bulk of the estate consisted of cash and bonds listed as being given or loaned to Sarah’s sons, Graham and Robert. On June 27 Temple Ner Tamid, as creditor, filed a claim for $29,500 against the estate. This claim was objected to and the Temple filed suit in the civil division of the circuit court, which suit is presently pending.
The Temple petitioned the probate court for an accounting of the assets of the estate and for production of documents and to otherwise cause the personal representative to act to amass the assets of the estate and reach the beneficiaries for estate assets on the basis that the personal representative was improperly administering the estate so as to reduce the assets in order that no funds would be available to pay creditors, and that he was representing and promoting the interest of the beneficiaries, Graham and Robert, to the detriment of the creditors. The probate court on December 3 entered an order granting the petition. Thereafter the personal representative moved to set aside the December 3 order on the grounds that the Temple is not contemplated by law as an interested party. Graham and Robert Shaw also filed motions for protective orders and objected to discovery for the same reason. After hearing this matter, the probate judge set aside the December 3 order and found the Temple to be a contingent creditor and, therefore, not entitled to the relief sought. The judge further held that to allow a contingent claimant to obtain such information would provide a means for it to obtain information it cannot obtain in its pending lawsuit in the civil division of the circuit court, which is a lawsuit asking for judgment for the very $29,500 which has been objected to by the estate. We affirm.
A contingent claim such as that of appellant against an estate is one where the liability depends upon some future event which may or may not happen (i. e. in the case sub judice, whether appellant prevails in its suit in the civil division) and, which, therefore, makes it wholly uncertain whether there ever will be liability. See Annot., 94 A.L.R. 1155 (1935).
The Temple’s status is presently that of only a contingent judgment creditor and its requests for an accounting and amassing of assets, etc. before an adjudication on the merits in its suit in the civil division is premature. See David v. Tansill, 297 So.2d 84 (Fla. 4th DCA 1974). We find that the probate judge was eminently correct in his determination that appellant is not an interested party for the purpose of the requested discovery proceedings before it achieves the status of judgment creditor.
Affirmed.