371 So.2d 703 (1979)
David S. TEPERSON, M.D., Drs. Jose & Teperson, P.A., Stephen Z. Gervin, M.D., and Stephen Z. Gervin, M.D., P.A., Petitioners,
v.
Frank J. DONATO and L. Ann Donato, Respondents.
No. 79-525.
District Court of Appeal of Florida, Third District.
June 5, 1979.
*704 Preddy, Kutner & Hardy and Robert J. Bogdanoff, Miami, for petitioners.
Levy & Cohen and Jeffrey M. Mart, Miami, for respondents.
Before HAVERFIELD, C.J., and BARKDULL and KEHOE, JJ.
PER CURIAM.
David S. Teperson, M.D., et al., defendants in a medical malpractice action, seek, by certiorari, review of an order denying in part their motion for protection and requiring them to produce copies of certain medical records.
The respondents filed a complaint alleging medical malpractice against the petitioners, after the respondents had fully complied with the medical mediation action and received a finding of the medical mediation panel. Petitioners responded to this complaint in the form of a motion to dismiss, stating that the complaint failed to allege any specific deviations from the proper standard of care and, thus, did not state a cause of action for medical malpractice.
The respondents subpoenaed the medical records custodian of the Biscayne Medical Center, directing him to bring to the deposition any and all records in the possession of the hospital indicating all surgeries performed at the hospital by the petitioners and all records showing the petitioners' patient going from surgery to intensive care. To block this subpoena duces tecum, the petitioners filed a motion for protection requesting that the trial court enter an order quashing the subpoena duces tecum served upon the Biscayne Medical Center. After a hearing, the trial court entered the order under review partially denying the petitioners' motion for protection and ordering that the Biscayne Medical Center produce copies of the operative notes and intensive care records pertaining to all patients who underwent back operations by the petitioners. However, the trial court ordered that the names of all such patients shall be deleted or otherwise removed from any such records that are produced. From that order, the petitioners now file this petition for certiorari review.
The trial court erred in partially denying the petitioners' motion for protection. This issue has recently been determined in favor of the petitioners. Argonaut Insurance Co. v. Peralta, 358 So.2d 232 (Fla.3d DCA 1978). In Argonaut, this court held that it was error for the trial court to order the production of medical records of persons not a party to the action: "The question of medical malpractice is whether or not the doctor, in treating the plaintiff, used a standard of care commensurate with that used in the community and that question can be answered by utilizing other methods of proof than the invasion into medical records of strangers."
Therefore, the order under review requiring production is quashed.