401 So.2d 834 (1981)
PONTE VEDRA RECORDER, INC., a Corporation, and Peggy F. Bradford, Petitioners,
v.
Jot Thomas CARPENTER, As Personal Representative of the Estate of Gretchen Marie Carpenter, Respondent.
No. 81-206.
District Court of Appeal of Florida, Fifth District.
June 24, 1981.
Rehearing Denied July 31, 1981.
*835 Fred C. Isaac of Lewis, Paul, Isaac & Castillo, P.A., Jacksonville, for petitioners.
Angela B. Corey, Law Offices of Howell & Howell, P.A., Jacksonville Beach, for respondent.
SHARP, Judge.
Petitioners seek review by certiorari[1] of a non-final order related to discovery proceedings. The trial court entered an order denying petitioners' motion to dismiss the amended complaint and requiring petitioners to produce certain documents pursuant to respondent's request for production of documents. We consider only that portion of the order involving discovery, and we grant the petition.
This suit arose when respondent, as personal representative of the estate of Gretchen Marie Carpenter, sought an accounting by petitioners of the net undistributed profits for 1978 and 1979 of Ponte Vedra Recorder, Inc., a corporation allegedly formerly owned by decedent and petitioner, Bradford. Respondent's original complaint was dismissed without prejudice. He filed an amended complaint and a request for the production of certain documents, including Bradford's income tax returns for 1978 and 1979, other personal and business records showing Bradford's income, and corporate records showing dividends paid to Bradford by the corporation for those years. Petitioners objected to this request and filed a motion to dismiss the complaint, but did not file an answer to the complaint. The trial court entered an order denying the motion to dismiss and requiring petitioners to produce the requested documents.
Petitioners argue, and we agree, that the order does not conform to the essential requirements of law because the pleading did not establish the respondent's right to an accounting and the trial court did not determine respondent's right to an accounting before it ordered discovery as to the accounting. See Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla. 1956); Giammaresi v. Parker, 326 So.2d 243 (Fla. 4th DCA 1976); Aly Handbags, Inc. v. Rosenfeld, 305 So.2d 56 (Fla.3d DCA 1974); cf. Bartolucci v. Bartolucci, 399 So.2d 448 (Fla. 5th DCA 1981) (holding that the pleadings established a right to an accounting).
For the reasons stated in this opinion, the Petition for Writ of Certiorari is granted, and that portion of the lower court's order requiring that petitioners produce the requested documents is quashed.
PETITION FOR WRIT OF CERTIORARI IS GRANTED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] Fla.R.App.P. 9.030(b)(2)(A).