416 So.2d 1276 (1982)
EAST COLONIAL REFUSE SERVICE, INC., a Florida Corporation, Petitioner,
v.
Antonio VELOCCI, Respondent.
No. 82-561.
District Court of Appeal of Florida, Fifth District.
July 21, 1982.
*1277 Donald E. Grincewicz of Lawrence, Griffin & Landis, Orlando, for petitioner.
Timothy J. Manor of Lowndes, Drosdick, Doster & Kantor, Orlando, for respondent.
COWART, Judge.
Respondent sued petitioners in a three count complaint seeking: (1) damages for breach of an oral employment contract, (2) dissolution of the petitioner-corporation and (3) an accounting of corporate assets. Respondent then sought discovery of numerous corporation records, including the corporation's customer lists and various corporate accounting documents. The petitioner declined to produce these items and respondent sought an order compelling production. The trial court entered an order compelling production of the items with the protective caveat that certain items were to be viewed only by respondent's counsel. Petitioner seeks review of this order by writ of common law certiorari.[1]
Florida Rules of Civil Procedure 1.280 and 1.350 generally provide for broad discovery in a civil trial. However, this discovery is not unlimited. Initially, it must be relevant to the subject matter of the case and be admissible or reasonably calculated to lead to admissible evidence in the case. Even after these conditions are satisfied, the particular items or information sought to be discovered may be privileged *1278 and therefore beyond permissible discovery.[2]
Petitioner contends that the items sought to be discovered are not only irrelevant to the subject matter of either count,[3] but are privileged as well. Section 90.506, Florida Statutes (1981) (Florida Evidence Code) recognizes a privilege with respect to trade secrets. A customer list can constitute a "trade secret" where the list is acquired or compiled through the industry of the owner of the list and is not just a compilation of information commonly available to the public.[4] The trial court implicitly found these lists were privileged since, with regard to the list and related matters, the court limited discovery to respondent's counsel. While we agree that the lists are privileged, respondent has not shown sufficient need for this information to entitle him to discovery. Respondent contends that discovery of the corporation's customer list is relevant to the allegation in count I that part of his job was to obtain new business for the corporation. However, petitioner has admitted this allegation and respondent has failed to show sufficient necessity to overcome petitioner's privilege.
Additionally, we quash the order allowing discovery of the items pertaining to the corporation's various accounting documents. Respondent asserts that this discovery is relative to his count for dissolution of the corporation. This count is based on an allegation that the petitioners are misapplying and wasting the corporate assets. However, beyond a general allegation that the assets are being wasted, the respondent only alleges two incidents of waste; the corporate officers are paying salaries to non-employees and, for personal reasons, are hiring more employees than necessary. Such general allegations do not support such broad discovery into any and all financial aspects of the corporation; only discovery concerning the number and salary of the corporation's various employees.
For these reasons, we grant the petition for writ of certiorari and quash the trial court's order granting discovery with regard to items 8 through 17 inclusive.
ORFINGER, C.J., concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, Judge, concurring specially:
As reluctant as I am to grant certiorari to review pre-trial orders I concur with the majority based upon the record before us. Once the respondent establishes a right to an accounting, if he does, the court can permit at least some of the discovery.
NOTES
[1] Due to the irreparable harm involved when an order impermissibly grants discovery of a nondiscoverable item, common law certiorari is an appropriate remedy. See, e.g., Travelers Ins. Co. v. Habelow, 405 So.2d 1361 (Fla. 5th DCA 1981); Palmer v. Servis, 393 So.2d 653 (Fla. 5th DCA 1981). See generally W. Haddad, The Common Law Writ of Certiorari in Florida, 49 U.Fla.L.Rev. 207, 220 (1977).
[2] See, e.g., Central Florida Skates, Inc. v. Thomas, 393 So.2d 1200 (Fla. 5th DCA), review denied, 402 So.2d 608 (Fla. 1981).
[3] In applying these principles to the instant case, only the first two counts of the complaint need be considered. Items possibly relevant to an accounting are not discoverable until the right to an accounting has been established. See, e.g., Charles Sales Corp. v. Rovenger, 88 So.2d 551 (Fla. 1956); Ponte Vedra Recorder, Inc. v. Carpenter, 401 So.2d 834 (Fla. 5th DCA 1981); Giammaresi v. Parker, 326 So.2d 243 (Fla. 4th DCA 1976); cf. Bartolucci v. Bartolucci, 399 So.2d 448 (Fla. 5th DCA 1981) (pleadings affirmatively established a right to an accounting).
[4] See, e.g., Erik Electric Co., Inc. v. Elliot, 375 So.2d 1136 (Fla. 3d DCA 1979); Inland Rubber Corp. v. Helman, 237 So.2d 291 (Fla. 1st DCA 1970). See generally Annot., 28 A.L.R.3d 7 (1969) (Former employee's duty, in absence of express contract, not to solicit former employer's customers or otherwise use his knowledge of customer lists acquired in earlier employment).