552 So.2d 341 (1989)
James W. McCANN, Jr., M.D., Individually, and Doctors Benton & McCann, P.A., Petitioners,
v.
Laurie FOISY, Respondent.
No. 89-1687.
District Court of Appeal of Florida, Fourth District.
November 22, 1989.
*342 James C. Blecke, Miami, for petitioner-Dr. McCann.
Mark J. Mintz of Ress, Mintz & Truppman, P.A., North Miami, for respondent.
DOWNEY, Judge.
By petition for writ of certiorari, Dr. James McCann seeks to quash an interlocutory order of the trial court compelling discovery of information pertaining to certain other patients of Dr. McCann in a medical malpractice action.
Respondent filed suit alleging that petitioner (an ophthalmologist) and others failed to diagnose and treat her bilateral detached retina properly. Pursuant to respondent's request, the trial court ordered petitioner to [provide]:
Plaintiff's counsel with the names, addresses and telephone numbers of patients, for visits three years prior to his examination of LORIE [sic] FOISY on March 1, 1983 to two years thereafter for patients that fall into the following categories:
(a) patients that the Defendants diagnosed as having the same condition for which the Defendants diagnosed the Plaintiff; (b) patients that the Defendants diagnosed as having the same or similar complaints as those of the Plaintiff; (c) patients which were diagnosed by the Defendants as having detached retina; and (d) patients that filed medical malpractice claims or litigation against the Defendants.
Petitioner contends that the order under consideration is a departure from the essential requirements of law, which will cause injury that would be irreparable on plenary appeal. We agree.
The general rule applicable to the present case is set forth in Argonaut Ins. Co. v. Peralta, 358 So.2d 232, 233 (Fla. 3d), cert. denied, 364 So.2d 889 (Fla. 1978), wherein the court said:
Surely when one brings a medical malpractice suit, such as the instant case, one's medical history becomes the subject matter of the suit and he would waive any claim to privilege he might have under the law, if any. However, to permit a party to inject into the public record medical information of a stranger to the suit, under the guise that it has a bearing on the competency of the doctor, would be unconscionable. The question in medical malpractice is whether or not the doctor, in treating the plaintiff, used a standard of care commensurate with that used in the community and that question can be answered by utilizing other methods of proof than the invasion into medical records of strangers.
See also North Broward Hospital District v. Lucas, 448 So.2d 622 (Fla. 4th DCA 1984); Fidelity & Cas. Co. of New York v. Lopez, 375 So.2d 59 (Fla. 4th DCA 1979); Teperson v. Donato, 371 So.2d 703 (Fla. 3d DCA 1979).
Respondent relies upon Ventimiglia v. Moffitt, 502 So.2d 14 (Fla. 4th DCA 1986), and Amisub (North Ridge Hospital), Inc. v. Kemper, 543 So.2d 470 (Fla. 4th DCA 1989), to support the order in question. However, those cases are distinguishable because either their peculiar facts made the diagnosis in other cases relevant to the plaintiff's claim or the trial court order provided that any possible reference to the identity of the patients was to be deleted from the records and protected from discovery.
We also held that, under the facts of this case, respondent cannot rely upon section *343 455.241, Florida Statutes (1987), as authority for the order in question.
Accordingly, the petition for writ of certiorari is granted and the order under review is quashed.
HERSEY, C.J., and DELL, J., concur.