571 So.2d 1303 (1990)
THE FLORIDA BAR, Complainant,
v.
Peter S. HERRICK, Respondent.
No. 69957.
Supreme Court of Florida.
October 11, 1990.
Rehearing Denied January 3, 1991.
*1304 John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and Stephen Tobano, Bar Counsel, Tallahassee, and Patricia S. Etkin, Bar Counsel, Miami, for complainant.
Peter S. Herrick, Miami, in pro. per.
PER CURIAM.
Peter S. Herrick petitioned this Court to review the report of the referee entered in disciplinary proceedings against him by The Florida Bar. We have jurisdiction pursuant to article V, section 15, of the Florida Constitution.
The disciplinary proceedings were initiated because Herrick mailed an unsolicited letter to a couple upon learning that the couple had an interest in a vessel that had been seized by customs. The letter read as follows:
"Customs seized a 1981 30'2" Formula Thunderbird .. . and will forfeit the vessel unless a claim and bond for $2,500.00 is given to them by August 15, 1985. Our law firm specializes in Customs laws relating to vessel seizures. If you have any questions, please call."
The referee found that the letter was sent for the purpose of obtaining professional employment. Neither the letter nor the envelope was marked "Advertisement." The respondent is not certified or designated in any area of law.
The referee recommended that Herrick be found guilty on three counts under the then-applicable Code of Professional Responsibility.[1] First, the referee recommended *1305 respondent be found guilty of violating Disciplinary Rule 2-104(B)(1)(a) of the Code of Professional Responsibility for the mailing of an unsolicited letter to a prospective client not marked as an advertisement. As to count II, he recommended that Herrick be found guilty of violating Disciplinary Rule 2-105 for stating that he was a specialist in customs law and thereby representing that he had competence or experience in a particular area of law. Under count III, the referee recommended that Herrick be found guilty of violating Disciplinary Rule 2-105 for publicly representing that he specialized and practiced in an area of law not recognized by the Florida Certification Plan or the Florida Designation Plan. The referee recommended a public reprimand.
The United States Supreme Court has held that attorney advertising is a type of commercial speech that is protected by the first amendment. Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977). However, false, deceptive, or misleading advertising remains subject to restraint. Id. at 383, 97 S.Ct. at 2708-09. The Court has noted that "because the public lacks sophistication concerning legal services, misstatements that might be overlooked or deemed unimportant in other advertising may be found quite inappropriate in legal advertising." Id. Further, states not only may impose restraints to prevent misleading advertising but may also require limited supplementation, such as a warning or disclaimer, in order to assure that the consumer is not misled. Id. at 384, 97 S.Ct. at 2709.
Even when a communication is not misleading, a state retains some authority to regulate. However, a state must assert a substantial interest and may only interfere with speech in proportion to the interest served. In re R.M.J., 455 U.S. 191, 102 S.Ct. 929, 71 L.Ed.2d 64 (1982). The state rules may be no broader than reasonably necessary to prevent the perceived evil. Id.
First, we turn to Herrick's violation of Disciplinary Rule 2-104(B)(1)(a)[2] for sending an unsolicited letter not marked as an advertisement. This requirement does not violate Herrick's first amendment rights. We recognize that direct-mail solicitation does not pose the same risks as in-person solicitation. Shapero v. Kentucky Bar Ass'n, 486 U.S. 466, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988). However, some risks are involved in mail solicitation by attorneys. As noted by the Supreme Court:
[A] letter that is personalized (not merely targeted) to the recipient presents an increased risk of deception, intentional or inadvertent. It could, in certain circumstances, lead the recipient to overestimate the lawyer's familiarity with the case or could implicitly suggest that the recipient's legal problem is more dire than it really is. Similarly, an inaccurately targeted letter could lead the recipient to believe she has a legal problem that she does not actually have or, worse yet, could offer erroneous legal advice.
Id. at 476, 108 S.Ct. at 1923 (citation omitted). While the Supreme Court has held that a state cannot justify an absolute prohibition on this type of protected speech, a state "can regulate such abuses and minimize mistakes through far less restrictive and more precise means... ." Id. The Supreme Court has explicitly recognized that one such regulation is requiring a letter to bear a label identifying it as an advertisement. Id. at 477, 108 S.Ct. at 1923-24.
Therefore, we believe that Disciplinary Rule 2-104(B)(1)(a) is constitutional as one of these "less restrictive and more precise means" of regulation envisioned by the Supreme Court. The use of the term "Advertisement" printed on the letter acts to disclose *1306 the nature of the letter to the recipient. Its purpose is to assuage any concerns the recipient may have due to receiving a personalized letter from an attorney. Certainly in our increasingly litigious society, the receipt of such a letter, personalized to one's own particular and perhaps pressing legal problem, could cause concern or confusion, especially if the recipient is generally unfamiliar with legal services.
Herrick argues that letters such as his provide important information to the public and are part of an attorney's legal duty to assist laymen in recognizing legal problems under Ethical Consideration 2-3. He states that such a letter which contains information concerning the action the recipient must take within a limited time period to protect his rights is likely to be discarded if marked "Advertisement." While this may be a legitimate concern, we think that the concerns with personalized mail solicitation outlined above present the greater risk and therefore justify the regulation.
Next, we turn to count II and Disciplinary Rule 2-105. Disciplinary Rule 2-105 reads as follows:
A lawyer shall not hold himself out publicly as a specialist or as limiting his practice, except as follows:
(1) A lawyer who complies with the Florida Certification Plan ... may inform the public and other lawyers of his certified areas of legal practice.
(2) A lawyer who complies with the Florida Designation Plan ... may inform the public and other lawyers of his designated areas of legal practice.
(3) A lawyer may permit his name to be listed in lawyer referral offices according to the fields of law in which he will accept referrals.
(4) A lawyer available to act as a consultant to or an associate of other lawyers in a particular branch of law or legal service may distribute to other lawyers and publish in local legal journals a dignified announcement of such availability, but the announcement shall not contain a representation of special competence or experience, except as permitted under DR 2-105(1) or
(2) above. The announcement shall not be distributed to lawyers more frequently than once in a calendar year, but it may be published periodically in local legal journals.
Respondent argues that this rule violates the first and fourteenth amendments to the United States Constitution.
The Supreme Court has stated that a state may not place an absolute prohibition on certain types of potentially misleading information, such as a listing of areas of practice. In re R.M.J., 455 U.S. at 203, 102 S.Ct. at 937. However, when the advertising is false, deceptive, or misleading, it is clearly subject to restraint. Bates, 433 U.S. at 383, 97 S.Ct. at 2708-09. The Florida Bar asserts that the statement that an attorney or firm specializes in a particular area of the law is misleading to the general public because it could reasonably be interpreted to mean that the attorney or firm has competence or experience in a particular area of law. Further, the Bar argues that use of the term "specialize" could easily confuse and mislead the public as to the differences between the terms "certified," "designated," and "specialized."
The respondent argues that use of the term "specialize" is not misleading because Webster's New College Dictionary (1974) defines the term as "to concentrate one's efforts in a special activity or field." Respondent supports his argument by noting that Disciplinary Rule 2-105 has been replaced with the present rule 4-7.5, Rules Regulating the Florida Bar, which states that a "lawyer may communicate the fact that the lawyer does or does not practice in particular fields of law."
We hold that the referee's finding that respondent violated Disciplinary Rule 2-105 does not violate respondent's first amendment rights. Both Disciplinary Rule 2-105 and Rule 4-7.5 prohibit a lawyer from stating or implying that the lawyer is a "specialist" except when allowed under the Florida Certification Plan, the Florida Designation Plan, and in other limited situations.[3] *1307 By prohibiting the general use of the term "specialist," the rule seeks to restrain advertising which can be false, deceptive, or misleading. By characterizing himself as a specialist, an attorney does more than merely indicate that he practices within a particular field. The term "specialist" carries with it the implication that the attorney has special competence and expertise in an area of law. We reject Herrick's argument that the word "specialize" carries a different connotation than "specialist."
We recognize that Herrick's chosen area of practice, customs and forfeiture law, is not an area recognized under the Florida Certification Plan or the Florida Designation Plan. However, Herrick is not prevented from advertising that he practices in the area of customs law, but to permit Herrick to state that he is a specialist in customs law runs the risk of misleading the public into believing that he has been qualified under the Bar's designation or certification program. The state's interest here in preventing the public from being misled is strong and the regulation is narrowly drawn. This is not a case where the attorney truthfully advertises that he has been certified as having met the standards of a recognized organization which tests the proficiency of lawyers in certain areas of the law. Peel v. Attorney Registration & Disciplinary Comm'n, ___ U.S. ___, 110 S.Ct. 2281, 110 L.Ed.2d 83 (1990).
We conclude that the charges under count III were subsumed by count II. Herrick was not entitled to hold himself out as a specialist in any area of law regardless of whether it was recognized under the designation or certification program
We uphold the referee's findings with respect to counts I and II and find the respondent guilty of violating Disciplinary Rules 2-104(B)(1)(a) and 2-105. We further agree that a public reprimand is the appropriate discipline. Accordingly, it is the judgment of this Court that attorney Peter S. Herrick is publicly reprimanded by publication of this opinion in the Southern Reporter. Herrick is ordered to pay the costs of this proceeding. Judgment is entered against him for costs of $694.46, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The Code of Professional Responsibility has since been superceded by the Rules Regulating the Florida Bar.
[2] Disciplinary Rule 2-104(B)(1)(a) reads:

(1) Written communications to prospective clients for the purpose of obtaining professional employment are subject to the following requirements:
(a) Such written communications shall be plainly marked "Advertisement" on the face of the envelope and at the top of each page of the written communication in type no smaller than the largest type used in the written communication.
[3] Rule 4-7.5 of the Rules Regulating the Florida Bar reads:

A lawyer may communicate the fact that the lawyer does or does not practice in particular fields of law. A lawyer shall not state or imply that the lawyer is a specialist except as follows:
(a) A lawyer admitted to engage in patent practice before the United States patent and trademark office may use the designation "patent attorney" or a substantially similar designation;
(b) A lawyer engaged in admiralty practice may use the designation "admiralty," "proctor in admiralty," or a substantially similar designation;
(c) A lawyer who complies with the Florida Certification Plan ... or who is certified by a national group which has standards for certification substantially the same as those set out in [the Florida Certification Plan], may inform the public and other lawyers of his or her certified areas of legal practice; and
(d) A lawyer who complies with the Florida Designation Plan ... may inform the public and other lawyers of his or her designated areas of legal practice.