582 So.2d 736 (1991)
The DELTONA CORPORATION, Petitioner,
v.
ESTATE OF Margarete BOBINGER, et al., Respondents.
No. 89-420.
District Court of Appeal of Florida, Third District.
July 9, 1991.
Mancilla & Betz and Joseph Mancilla and Manuel Kushner, Miami, for petitioner.
Bailey, Hunt, Jones & Busto and Mercedes C. Busto and Robbie D. Lake; Roland Langen, Miami, for respondents.
Before HUBBART, FERGUSON and COPE, JJ.

ON REHEARING GRANTED
PER CURIAM.
We grant the respondents' motion for rehearing, withdraw our previous opinion, and substitute the following:
*737 The Deltona Corporation, defendant below, has petitioned for a writ of certiorari to review an order denying Deltona's motion for protective order. We grant the petition in part and quash the order under review.
Deltona entered into installment sales contracts with private purchasers of Deltona properties in the Marco Island area. The U.S. Army Corps of Engineers denied Deltona the final permits necessary to develop the properties Deltona had contracted to sell. Pursuant to an agreement with the Florida Division of Land Sales, Deltona has presented its adversely affected purchasers several other alternatives, which are referred to as the Marco Option Program.
Respondent Estate of Bobinger, plaintiff below, brought a class action on behalf of installment purchasers seeking refunds and other relief. Bobinger disputes the propriety and adequacy of the Option Program, and asserts that cash refunds should be provided pursuant to the original installment contracts.
Bobinger propounded discovery to Deltona, requesting that Deltona produce documents and answer interrogatories with respect to the Marco Island project. After proceedings not pertinent here, Deltona moved for a protective order imposing limitations on the use of the discovery material. Specifically, Deltona argued that its customer names and addresses would be revealed when it produced such items as contracts for purchase and sale of real estate. Deltona requested an order prohibiting the use of the discovery materials for purposes of direct mail solicitation of such customers to join as additional named plaintiffs in the class action.
Bobinger opposed the motion. In part, Bobinger's opposition was based on a concern that a protective order would infringe unduly on its ability to communicate with members of the potential class for purposes of "formation of a class or the prosecution of a class action in accordance with the Rules [of Civil Procedure]," Gulf Oil Co. v. Bernard, 452 U.S. 89, 104, 101 S.Ct. 2193, 2202, 68 L.Ed.2d 693, 705 (1981), as well as informing potential class members of the existence of the suit. Id. at 101, 101 S.Ct. at 2200, 68 L.Ed.2d at 703. In recognition of Gulf Oil, Deltona has not sought a ban on all communication with potential class members, but instead has sought a ban on solicitation. The parties agree that Bobinger is entitled to communicate with potential class members for the purposes outlined in Gulf Oil.
The parties disagree on the issue of solicitation of Deltona customers to join as additional individual plaintiffs in the class action. In Shapero v. Kentucky Bar Association, 486 U.S. 466, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988) the Supreme Court invalidated, on first amendment grounds, a state-law general ban on targeted direct mail solicitation of legal business. Although Shapero did not involve a class action, Bobinger argues that its principles are applicable in a class action context. We agree. In Shapero, targeted direct mail solicitation was used to obtain clients for purposes of filing separate lawsuits. We see no sound basis to differentiate that situation from the targeted direct mail solicitation of individuals to join as additional named plaintiffs in a class action.[1] To the extent that Deltona sought to impose a general ban on Shapero-type solicitation for additional class plaintiffs, the trial court correctly denied the motion for protective order.[2]
Deltona's alternative argument, however, has merit. Given that Bobinger is entitled to solicit for additional parties to *738 join as plaintiffs in the pending action, Bobinger may do so only by using names and addresses obtained through Bobinger's own independent efforts  as, for example, through public records. Deltona contends that, to the extent Bobinger learns the identity and addresses of customers through discovery from Deltona, such information cannot be used by Bobinger to solicit those customers to join as additional individual plaintiffs (or be solicited to file separate individual suits against Deltona). With that contention we agree. In the present case the Deltona discovery materials are being disclosed to Bobinger solely because of compulsory discovery in the class action brought against Deltona. The justification for the discovery is so that it can be used to advance the legitimate objectives of the litigation. While the discovery materials may be used within the parameters of Gulf Oil and as otherwise related to the merits of the underlying controversy, customer names and addresses learned in discovery from Deltona may not be used for solicitation of legal representation.[3]See generally Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 & n. 17, 98 S.Ct. 2380, 2390 & n. 17, 57 L.Ed.2d 253, 266 & n. 17 (1978); § 90.506, Fla. Stat. (1989); Fla.R.Civ.P. 1.280(c)(7); Eastern Cement Corp. v. Department of Environmental Regulation, 512 So.2d 264, 266 (Fla. 1st DCA 1987); East Colonial Refuse Service, Inc. v. Velocci, 416 So.2d 1276 (Fla. 5th DCA 1982); Becker Metals Corp. v. West Florida Scrap Metals, 407 So.2d 380 (Fla. 1st DCA 1981); Erik Elec. Co. v. Elliott, 375 So.2d 1136 (Fla. 3d DCA 1979).
We grant certiorari, quash the order under review insofar as it did not proscribe Shapero-type solicitation based on names and addresses derived from discovery materials produced by Deltona, and remand for entry of a protective order consistent herewith.[4]
Certiorari granted.
NOTES
[1] If the rule were otherwise, the same practical effect would be achieved by soliciting under Shapero for separate individual lawsuits and then moving to consolidate. The question addressed here was left open by the Supreme Court in Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, ___, 110 S.Ct. 482, 487, 107 L.Ed.2d 480, 489 (1989); see also Sperling v. Hoffman-La Roche, 862 F.2d 439, 447 (3d Cir.1988). See generally The Florida Bar v. Herrick, 571 So.2d 1303 (Fla. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 2798, 115 L.Ed.2d 972 (1991).
[2] The instant controversy arose during the phase prior to class certification. Whether the Shapero analysis would differ during and after class certification is not now before us.
[3] As already indicated, Bobinger may use, for Shapero purposes, customer names and addresses which are obtained independently of of the discovery process, such as through public records. The fact that Deltona produces a customer name and address independently known to Bobinger would not preclude the use of the independently gathered information for Shapero purposes.
[4] We clarify that we do not direct that Deltona's form of protective order be adopted. As we have agreed with Deltona's alternative position, not its original position, it is apparent that a new protective order must be prepared. However, where the source of a customer name and address is nonpublic material produced by Deltona, it may not be used for Shapero purposes.