624 So.2d 1154 (1993)
Arlene HAYWOOD, M.D., and Arlene Haywood, M.D., P.A., Petitioners,
v.
John SAMAI and Sheila Samai, Individually and As Parents and Natural Guardians of Cherise Samai, Respondents.
No. 93-1371.
District Court of Appeal of Florida, Fourth District.
September 15, 1993.
As Revised on Grant of Clarification; Rehearing and Rehearing Denied October 22, 1993.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Coral Gables, for petitioners.
Jesse S. Faerber of Fenster and Faerber, P.A., Plantation, and Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for respondents.
As Revised on Grant of Clarification; Rehearing and Rehearing En Banc Denied October 22, 1993.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
GUNTHER, Judge.
We grant respondents' motion for rehearing and/or clarification, withdraw our earlier opinion and substitute the following:
We grant the petition for writ of common law certiorari in this malpractice action because the trial court departed from the essential requirements of law and there is no adequate remedy on appeal.
Citing McCann v. Foisy, 552 So.2d 341 (Fla. 4th DCA 1989), as well as other cases, petitioners argue that the trial court erred in granting plaintiffs' motion to compel production of the defendant doctor's appointment book containing nonparty patient names and telephone numbers. According to the petitioners, revealing the identity of nonparty patients constitutes an invasion of privacy and is not relevant evidence subject to discovery in this medical negligence case.
In their response, respondents/plaintiffs argue that the appointment book with the names and telephone numbers of nonparty patients is relevant in the determination of whether the petitioner doctor was overextended by too many other patients' appointments or whether she could have responded to the plaintiff mother's calls for help. However, we conclude that the actual names and telephone numbers would not be required for that determination. Petitioners could simply be directed to produce the appointment book, with all identifying information about nonparty patients (names, addresses, telephone numbers, etc.) deleted. These patients simply could be acknowledged by dates and times of office visits.
Thus, we agree with petitioners' argument that nonparty patients names and telephones numbers are irrelevant and that revealing their names and telephone numbers would be an invasion of privacy. Accordingly, we grant the petition for writ of common law certiorari and quash the order compelling production of the names and telephone numbers of the nonparty patients listed in Dr. *1155 Haywood's appointment book for the month of December, 1989.
CERTIORARI GRANTED AND ORDER QUASHED.
DELL, C.J., and GLICKSTEIN, J., concur.