Mr. David W. Wagner Alachua County Attorney Post Office Box 2877 Gainesville, Florida 32602-2877
Dear Mr. Wagner:
On behalf of Alachua County, you ask substantially the following question:
Under section 119.07(2)(a), Florida Statutes, may the county comply with a request to view or copy county equal opportunity records that contain confidential or exempt information by deleting identifying information from the records and releasing the records with the confidential and exempt information contained in the anonymous record?
In sum:
When inspection or copies of county equal opportunity records are provided pursuant to a public records request, section 119.07(2)(a), Florida Statutes, requires that confidential and exempt information be deleted from a record prior to its release; it does not authorize the county in response to a public records request to release county equal opportunity records containing such information, albeit anonymously.
Section 119.07(2)(a), Florida Statutes, provides in part:
"A person who has custody of a public record and who asserts that an exemption provided in subsection (3) or in a general or special law applies to a particular public record or part of such record shall deleteor excise from the record only that portion of the record with respect towhich an exemption has been asserted and validly applies, and such person shall produce the remainder of such record for inspection and examination." (e.s.) According to your letter, your inquiry has arisen because of a request for records from the County Equal Opportunity Division. The requestor asked to browse through a database of complaints filed and investigated during the past five years, with deletions of those portions deemed confidential or exempt under the Public Records Law. Such exemptions included, among other, HIV test results and medical data. The requestor was advised that preparing the database to remove such confidential or exempt material would involve extensive work and the imposition of special fees.
You note that historically in complying with such a request, the county has redacted all references to the exempt information itself rather than to the client's identity. You state, however, that the county believes the legislative intent to provide confidentiality to clients whose records contain confidential or exempt information could better be met by merely redacting identifying references because "(1) the public thus accesses a greater amount of substantial information, and (2) in fact, an individual retains greater privacy if the public cannot view his or her identity."
You also state that the county could easily program a computer to make these redactions and that the programming of a computer to redact identities would be a better method than the redaction of confidential or exempt information because "it will prove less costly and less prohibitive to the public."
The decision as to how to treat a request to inspect or copy public records containing confidential or exempt information is one that has been made by the Legislature. Section 119.07(2)(a), Florida Statutes, clearly provides that it is the confidential or exempt information that is to be deleted and the rest of the record released.[1]
Moreover, public agencies do not have the authority to delete information not made confidential by statute.[2] Thus, an agency is not authorized to delete identifying information in the absence of a statute providing for the confidentiality or exemption of such information. In those instances where the Legislature has determined that identifying information should be deleted, it has clearly so stated.[3] Nor does an agency's belief that it would be impractical or burdensome to redact confidential information from its records excuse noncompliance with the mandates of the Public Records Law.[4]
Accordingly, I am of the opinion that when inspection or copies of the county equal opportunity records are provided pursuant to a public records request, section 119.07(2)(a), Florida Statutes, requires that confidential and exempt information be deleted from a record prior to its release; it does not authorize the county in response to a public records request to release such records containing the confidential information, albeit anonymously.
[1] See generally, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (a legislative directive as to how a thing should be done is, in effect, a prohibition against its being done in any other way; where the Legislature has prescribed the mode, that mode must be observed).
[2] See, e.g., Wait v. Florida Power Light Co., 372 So.2d 420
(Fla. 1979); Post-Newsweek Stations, Florida Inc. v. Doe, 612 So.2d 549
(Fla. 1992) (state's open government policy requires that information be available for public inspection unless the information fits under a legislatively created exemption).
[3] See, e.g., ss. 119.07(3)(cc) (all personal identifying information contained in records relating to an individual's personal health or eligibility for health-related services made or received by the Department of Health or its service providers are confidential and exempt); 408.061(8); 414.295(1) (personal identifying information in temporary assistance programs); 430.105(1), Fla. Stat.
[4] See, Op. Att'y Gen. Fla. 99-52 (1999); cf., Newman v. Amente,634 So.2d 305 (Fla. 5th DCA 1994) (court, in rejecting argument that information requested would have to be "created" because the information is not indexed in the form requested, stated that information did exist but would have to be retrieved and reviewed manually "The task is more onerous because it must be done manually, but it can be done").