RAMIREZ, J.
Petitioner/Defendant American Trades Institute of Florida, Inc. seeks a writ of certiorari quashing the trial court’s January 24, 2006 discovery order for failure to restrict respondents/plaintiffs from soliciting students whose identity is disclosed through discovery. The trial court’s order required ATI to produce more than 500 names and addresses of all enrollees and graduates of ATI’s sonography program from 1996 through 2003, without limiting that the disclosed information could not be used for soliciting students to join in the action. We find that the order departs from the essential requirements of law and causes irreparable harm that cannot be remedied on appeal.
In Stewart v. Jones, 708 So.2d 996 (Fla. 4th DCA 1998), the Fourth District Court of Appeal held that such customer identifying information produced through discovery could not be used for purposes of solicitation of customers as named plaintiffs in a class action. See also Pioneer Electronics (USA), Inc. v. Risi, 918 So.2d 448 (Fla. 4th DCA 2006); Deltona Corp. v. Estate of Bobinger, 582 So.2d 736 (Fla. 3d DCA 1991). It is of no consequence that the case below is no longer a class action, as such customer identifying information also cannot be used to solicit customers to file separate individual suits. See Deltona Corp., 582 So.2d at 737, n. 1.
Accordingly, we grant the petition to the extent that the trial court’s order failed to limit the use of student information for solicitation and to the extent it requires disclosure of students outside of the named plaintiffs’ fifteen start dates and graduates after April 2003. Thus, we quash the order under review and remand for entry of an order consistent with this opinion.
Certiorari granted.