PER CURIAM.
Bryon Fischer petitions this court for the issuance of a writ of certiorari to review the order of the lower court overruling petitioner’s objections to interrogatories numbers 1, 2, and 6. We have certiorari jurisdiction. Fla.R.App.P. 9.030(b)(2)(A) and 9.100.
Plaintiff/counterdefendant, Bryon Fischer, brought an action against the defendant/counterplaintiff, Hofmann Wholesale Nurseries, for breach of contract regarding accounting services rendered by Mr. Fischer. Hofmann answered the suit, and counterclaimed for breach of contract to provide accounting services, and for negligent rendering of these accounting services. In discovery, Hofmann propounded interrogatories in which he sought: (1) Fischer’s professional fees for the last three years, (2) the names and addresses of Fischer’s clients, and (6) a breakdown of the hours Fischer has worked for all clients. The petitioner objected to these interrogatories. The trial court overruled petitioner’s objections, with two qualifications. First, the court ordered that the discovery being ordered in interrogatory number 2, which pertains to the names and addresses of the clients of Fischer, could be used solely for the litigation and shall not be released to the public. Second, in regard to interrogatory number 6, the court ordered that Fischer could assign a number designator with each client so that the hours worked for each client shall be disclosed without disclosing the identity of each client. Thereafter, the petitioner invoked the cer-tiorari jurisdiction of this court.
Petitioner contends that the trial court departed from the essential requirements of the law when it overruled his objections as to interrogatories 1, 2, and 6 above. Florida Rule of Civil Procedure 1.280(b)(1) provides generally that parties may obtain discovery of relevant, non-privileged matters if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. However, the discovery request must not require production of matters which are unduly burdensome to the party ordered to produce. Argonaut Insurance Company v. Peralta, 358 So.2d 232 (Fla. 3d DCA), cert. denied, 364 So.2d 889 (Fla.1978).
We find no merit in the petitioner’s claims of burdensomeness. We also agree with the trial judge that the hours which Fischer has worked for particular clients are discoverable because such information may be relevant to the counterclaim. However, in our view, the trial judge did not go far enough in protecting the confidentiality of the names and addresses of Fischer’s other clients in interrogatory number 2. Under these facts, we find that the failure to protect the disclosure of these names and addresses to be a departure from the essential requirements of law because the disclosure of these names and addresses has no relevance to the issues being tried in this suit. Therefore, we grant the petition and remand for the trial court to issue an order as to interrogatory number 2 consistent with this opinion. We deny the petition in all other respects.
GRANTED IN PART; DENIED IN PART.
DOWNEY, DELL and GUNTHER, JJ., concur.