502 So.2d 14 (1986)
Anthony VENTIMIGLIA, a Minor, by and through His Parents and Natural Guardians, Carmen V. VENTIMIGLIA and Salvatore Ventimiglia; and Carmen V. VENTIMIGLIA, Individually, and Salvatore Ventimiglia, Individually, Petitioners,
v.
Joan MOFFITT, M.D., Respondent.
No. 4-86-1719.
District Court of Appeal of Florida, Fourth District.
December 17, 1986.
Rehearing and Rehearing Denied February 25, 1987.
Gregory Barnhart of Montgomery, Searcy & Denney, P.A., and Russell S. Bohn of Edna L. Caruso, P.A., West Palm Beach, for petitioners.
Daniel J. Lewis of Kern, Augustine & Glantz, Fort Lauderdale, for respondents, Joan E. Moffitt, M.D. and Moffitt and Moffitt, P.A.
Rehearing and Rehearing En Banc Denied February 25, 1987.
PER CURIAM.
We deny the petition for writ of certiorari seeking to set aside the trial court's order compelling a physician-witness to produce copies of records of other patients he has treated for conditions similar to that suffered by the claimant. The trial court provided that any possible reference to the identity of the patients be deleted from the records and protected from discovery. The trial court's order relied on the fact that the physician predicated his diagnosis and opinion in claimant's case, at least in part, upon his experience with the other patients. Hence, the court concluded that discovery of the medical history of those patients was relevant to the issues involved in claimant's action against the respondents. We believe *15 the trial court acted within its discretion in permitting discovery of relevant material while protecting the confidentiality of the physician's other patients. Cf. Fischer v. Hofmann Wholesale Nurseries, Inc., 487 So.2d 413 (Fla. 4th DCA 1986).
ANSTEAD, GLICKSTEIN and DELL, JJ., concur.