Paula TANZI et al.

v.

ST. JOSEPH HOSPITAL.

Paula TANZI et al.

v.

Thomas L. LOGAN, M.D. et al.

Nos. 94–109–M.P., 94–131–M.P.

Supreme Court of Rhode Island.

Dec. 22, 1994.

Arthur Lovely, John Barton.

Robert Hardman.

ORDER

This case came before the Supreme Court for oral argument on December 15, 1994, pursuant to an order (1) that granted the petitions for writs of certiorari of the parties, (2) that consolidated the cases, (3) and that directed the parties to show cause why the issues raised by the petitioners should not be summarily decided. In this case the plain-tiffs have petitioned for certiorari to review a pretrial order of the Superior Court.

After reviewing the memoranda submitted by the parties and after considering the arguments of counsel, we are of the opinion that cause has not been shown, and the issue will be summarily decided.

The plaintiffs, Paula Tanzi, individually and as Administratrix of the estate of Ronald R. Tanzi, and on behalf of several family beneficiaries, initiated a medical-malpractice action against defendants St. Joseph Hospital (94–109–M.P.) and against Thomas L. Logan, M.D., St. Joseph Hospital, and Spectrum Emergency Care, Inc. (94–109–M.P.). The plaintiffs and defendants, in separate petitions, sought review of an order of the Superior Court to compel the hospital to produce the names of patients who visited the emergency room for cardiac-related problems on June 5, 1989, and for the two-week period preceding that date. The decedent Ronald Tanzi had gone to the St. Joseph Hospital emergency room on June 5, 1989, with complaints that included chest pain. Thomas L. Logan, M.D. (Logan) saw the patient, who returned home with a diagnosis of "indigestion? hiatal hernia." Two days later Ronald Tanzi died from a heart attack.

In its petition, St. Joseph Hospital argued that patients' names are confidential and that plaintiffs improperly seek to obtain evidence to impeach Logan's credibility. The plaintiffs, in their petition, argued that records with redacted names should have been compelled in order to enable an analysis of the notations that allegedly were made in the process of obtaining family histories of patients.

We are of the opinion that the decision to release to plaintiffs the names of patients who visited St. Joseph's Emergency Room with cardiac-related problems was clearly wrong. Such individuals are not parties to the instant cases but are strangers to these suits. The issue compels us to focus on the balance between allowable discovery on the one hand and the confidentiality of non-parties' health care records on the other. This court concludes that the appropriate response in this case is an order directing the release of the health care records of patients

to the emergency room for June 5, 1989, and the two-week period preceding that date, provided, however, that all names and information that identify the patients (such as addresses, social security numbers, etc.) be redacted from the records.

Therefore, the petitions for certiorari are granted in part and denied in part. The order previously issued is vacated. The papers in the case may be remanded to the Superior Court with our decision duly endorsed therein.

WEISBERGER, Acting C.J., did not participate.