[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' OBJECTION TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES AND REQUESTS FOR PRODUCTION (#158 and #159)
This is a medical malpractice case in which the plaintiff seeks access to non party medical records.
Of the 750 discharge summaries produced by the defendant Hartford Hospital pursuant to Judge Langenbach's order of March 31, 2001, the plaintiff seeks for 21 of these patients, identified by number only, the following:
1. Operative note(s);
2. Anesthesia record(s);
3. Perfusion record(s);
4. Reports of CT scans of the head;
5. Reports of MRI scans of the head; CT Page 977
6. EEG reports.
The defendants object on the ground that the plaintiff's request seeks privileged confidential medical information from non-parties who have neither been consulted nor consented to such disclosure. The defendants contend that disclosure would serve to provide identifying patient information in violation of General Statutes Sections 52-1460 and 4-104.
While there is no case law in Connecticut addressing this issue, other states with similar statutes as Connecticut have resolved this problem by excluding identifiable patient information.
In Community Hospital Ass'n v. Dist. Ct., Etc., 570 P.2d 243 (Colo. 1977), a patient sued the surgeon who performed unneeded surgery on him and the hospital for negligence. Colorado had a statute which provided that "[a] physician or surgeon . . . shall not be examined without the consent of his patient as to any information acquired in attending the patient. . . ." C.R.S. § 13-90-107 (d) (1973). The trial court ordered the hospital to produce certain medical records of nonparty patients. The Supreme court held that the order requiring the hospital to produce copies of 140 patient records upon whom the surgeon t. performed surgery between 1964-1968, which stated that all identifying information was to be removed and that the records would be filed with the court and sealed by the court and not opened except upon order of the court, did not violate the physician-patient privilege statute. Id., 244. Further, it stated that "many instances of injustice can be caused by application of the privilege." Id. It found that if the names and addresses of the patients are not disclosed the privilege is not violated. Id., 245.
In State ex rel. Lester E. Cox Med. Ctr. v. Keet, 678 S.W.2d 813 (Mo. 1984), the plaintiff, whose husband died as a result of a postoperative infection, sought discovery of documents and materials used by peer review committees concerning the incident, including medical records of any patient at the clinic who developed a bacteriological infection subsequent to surgery and identification of any patient and the reason for hospitalization in the same room or ward with the decedent. The defendant argued that these records were protected by the physician-patient privilege codified under Missouri Revised Statutes § 491.060(5) (1978). The Supreme Court of Missouri quashed the trial court's writs in prohibition and allowed the respondent to conduct in camera examinations of the records it was seeking. The court stated that "information contained in the redacted records of other patients may be relevant or lead to the discovery of evidence relevant to plaintiff's malpractice claims and the search for truth demands that such records be examined by the trial court. . . ." Id., 815. CT Page 978
In Amente v. Newman, 653 So.2d 1030 (Fla. 1995), the patient sued the doctor for malpractice alleging that her child's injury resulted from the doctor's negligent obstetrical care and treatment. At the time of suit, Florida had a statute which prohibited disclosure of other patient medical records unless a party to the case obtained a subpoena from a court and provided notice to the nonparty patient or his legal representative. The Circuit Court allowed the patient to discover medical records for all of the doctor's obese obstetric patients during a two-year period without a subpoena or notice to the nonparty. The District Court quashed the discovery order. The patient petitioned for review. The Florida Supreme Court held the records were properly discoverable if redacted. The doctor stated that he relied upon his past experience in delivering morbidly obese women without complications in his selection of the delivery method for the plaintiff. The doctor. also expressed a belief that his delivery method did not cause the infant's injuries and that he cannot explain what did cause the injuries. The court found that information in other patient's records may be relevant to causation. Id., 1033. In this case the court found that the patients' right of privacy and confidentiality of their records were protected by the trial judge's requirement that all identifying information be redacted.
In Tanzi v. St. Joseph Hosp., 651 A.2d 1244 (R.I. 1995), the plaintiff sought the names and addresses of patients who visited the emergency room for cardiac-related problems on June 5, 1989 and the two-week period preceding that date. The plaintiff's husband had gone to the emergency room on June 5th with complaints of chest pain. The doctor diagnosed the plaintiff's husband as having indigestion. Two days later the man died of a heart attack. The Rhode Island Supreme Court held that the trial court's decision to allow disclosure of the names and addresses of other patients was incorrect. However, the court held that, the plaintiff could have the records as long as all names and information that may identify the patients (such as addresses, social security numbers, etc.) were redacted from the records.
In Cochran v. St. Paul Fire and Marine Ins. Co., 909 F. Sup. 641
(W.D. Ark. 1995), the parents of a minor who was hospitalized brought a medical malpractice action against the hospital's insurer based on alleged negligent medical treatment of the minor following his car accident. The insurer requested an order limiting discovery of certain records including incident reports concerning nonparty patients. The District Court held that incident reports concerning nonparty patients were discoverable because the plaintiff requested only redacted copies which omitted the patients' names. The defendant asked the court to black out the name and title of the person discovering the incident, the name of the physician, the signature and title of the person involved in the CT Page 979 incident, the section entitled analysis of the medication incident, the comment section and the name of the department manager. The court denied the defendant's request stating that it failed to show how this information is privileged or somehow exempt from disclosure.
In Terre Haute Regional Hosp. v. Trueblood, 600 N.E.2d 1358 (Ind. 1992), the patient brought suit against a hospital to recover for negligence in reappointing and supervising the surgeon who allegedly performed two unnecessary surgeries. The trial court compelled discovery of nonparty medical records. The court of appeals vacated and remanded. Granting transfer, the Supreme Court held that production of these records does not violate physician-patient privilege when all information regarding identities of nonparty patients has been redacted from the records. It stated that "if the disclosure reveals the ailments but not the patient's identity, then such disclosure would appear not to violate the privilege." (Internal quotation marks omitted.) Id., 1361. Further, it stated that "[w]here adequate measures have been taken to protect the identity of the nonparty patient, their consent is not required before allowing the records to be discovered." (Internal quotation marks omitted.) Id. The court balanced the patient's individual interest in quality medical care against the public's interest in being protected from incompetent physicians. Id.
In Ventimiglia v. Moffitt, 502 So.2d 14 (Fla.Dist.Ct.App. 4th Dist. 1986), the Circuit Court ordered a physician to produce copies of records of other patients he had treated for conditions similar to that suffered by the claimant. The physician petitioned for writ of certiorari seeking to set aside the order. The District Court of Appeal held that it was not an abuse of discretion to compel the doctor to produce copies of the record. It stated that "[t]he trial court provided that any possible reference to the identity of the patients be deleted from the records and protected from discovery." Id. The trial court "relied on the fact that the physician predicated his diagnosis and opinion in claimant's case, at least in part, upon his experience with other patients." Id. Further, the trial court found that discovery of those records was relevant to the issues involved in the case.
Finally, in Ziegler v. Super. Ct. In and for Cty. of Pima, 656 P.2d 1251
(Ariz. 1982), a patient was seeking medical records of other patients who went through the similar surgical procedure performed on the patient. The trial court allowed discovery of these records. The Court of Appeals held that disclosure of the records, with all clues as to the identity of the patients deleted, would not violate the physician-patient privilege. The court ordered that all references to the name, address, marital status and occupation or employment of the patient must be removed from the records. CT Page 980
The court finds these well-reasoned cases persuasive. The defendant Hartford Hospital is ordered to disclose the information requested by the plaintiff provided that all identifiable patient information shall be deleted. The plaintiff is to keep all such records confidential and shall disclose them only to medical experts consulted regarding this case.
Hennessey, J.